## A99A0794. PRINE v. THE STATE.
### (515 SE2d 425)

Eldridge, Judge.

A Fulton County jury found Dillon Lester Prine guilty of driving under the influence of alcohol — less safe driver, OCGA § 40-6-391 (a) (1). Without challenging the sufficiency of the evidence introduced against him, Prine raises two alleged errors of law. We affirm his conviction.

1. Prine first makes a Sixth Amendment challenge. He contends that the Fulton County jury panel to which he posed voir dire questions and from which he selected a petit jury was not composed of a fair cross section of the community because such panel had thirteen black members and one white member.

> [C]riminal defendants in state courts have the right to challenge, under the Sixth Amendment, petit juries not selected from a fair cross section of the community. *Duren v. Missouri*, 439 U. S. 357 (99 SC 664, 58 LE2d 579) (1979). . . . See also, *Walraven v. State*, 250 Ga. 401 (3) (297 SE2d 278) (1982). However, . . . the defendant must establish prima facie that a distinct and identifiable group in the community is substantially underrepresented on the jury venire being challenged.

(Punctuation omitted.) *Wilson v. State*, 250 Ga. 630, 635 (3) (a) (300 SE2d 640) (1983). See also *Larmon v. State*, 256 Ga. 228 (345 SE2d 587) (1986).

In this case, Prine put forward no evidence of the racial composition of the population of Fulton County, other than to state, "my client, being white, and we only have one white female juror out of the entire panel, I think it's just not a good cross section and it's not representative." That was all. We find that this statement fails to meet Prine's burden to "establish prima facie that a distinct and identifiable group in the community is substantially underrepresented on

the jury venire being challenged." *Wilson v. State*, supra at 635.[1]

Further, it is the pool of jurors from which the jury sent to be voir dired is *drawn* that must be representative of the community, not the individual panel sent to a courtroom for voir dire purposes. "[T]he jury wheels, pools of names, panels, or venires from which juries are *drawn* must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." (Citation and punctuation omitted; emphasis supplied.) *Avery v. State*, 174 Ga. App. 116, 117 (1) (329 SE2d 276) (1985). In this case, Prine's complaint was centered solely on the composition of this single jury panel subject to voir dire in this particular case. Such complaint was defective. In fact, Prine's attorney admitted during trial that most of the Fulton County jury panels he subjects to voir dire are "fifty-fifty" in racial composition. Accordingly, nothing in the record supports the notion that white citizens have been "substantially under represented" in Fulton County's jury pool. *Wilson v. State*, supra at 635.

2. Prine contends that the trial court erred in failing to charge the jury that "intent" is an essential element of any crime and that the State has the burden of proving "intent" beyond a reasonable doubt. We disagree.

(a) DUI is a crime of *general*, not specific, intent. *Tam v. State*, 232 Ga. App. 15 (501 SE2d 51) (1998). In a crime of general intent, the "intent" required is proved through proof of the commission of the act itself. In a DUI case such as the one charged herein, the act consists of (1) driving, (2) after consuming alcohol to the extent that one is (3) a less safe driver. OCGA § 40-6-391 (a) (1). There is no proof of intent beyond proof of the act.

> To prove DUI, the State need not prove intent to commit the crime[,] but it must show the condition of being under the influence of alcohol to the extent of impairment and the intent to drive while in this condition. This general intent may be inferred from the conduct of the accused and other circumstances. OCGA § 16-2-6.

---

[1] Prine did not raise this enumeration of error in his motion for new trial, and in his brief before this Court, Prine attempts to submit U. S. Census Bureau statistics regarding the City of Atlanta's population. It is well settled that

> the burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issues raised by the enumerations of error[ ] is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result.

(Punctuation omitted.) *Burks v. First Union Mtg. Corp.*, 209 Ga. App. 41, 42 (432 SE2d 822) (1993).

*Tam v. State,* supra at 15 (1). Since the trial court in this case charged the jury that the State must prove the commission of the act or offense beyond a reasonable doubt and also charged the jury regarding the law of general intent pursuant to OCGA §§ 16-2-5 and 16-2-6, such is sufficient to encompass the notion that "general intent" must be proved beyond a reasonable doubt. Accordingly, "we find nothing in the transcript to support appellant's contention that the jury could not, or did not, understand the charge on intent as applied to [DUI]." (Citation and punctuation omitted.) *Fowler v. State,* 188 Ga. App. 873 (374 SE2d 805) (1988).

(b) Moreover,

> [Prine] did not request the charge that he complains was not given. OCGA § 5-5-24 (b) places a duty on the defendant to request jury instructions. The defendant is relieved of this duty only in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. *Carr v. State,* 183 Ga. App. 36 (3) (357 SE2d 816) (1987). The trial court's charge on general criminal intent, when considered together with the charges on the elements of [an offense of general intent] and the State's burden of proving each element of the offense[,] provided sufficient guidelines to the jury. The omission complained of by the defendant herein does not fall into the clearly harmful and erroneous category; consequently, since he did not request the charge in question, he cannot complain.

(Citations and punctuation omitted.) *Dixson v. State,* 191 Ga. App. 410 (382 SE2d 357) (1989).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 1, 1999 —
RECONSIDERATION DENIED APRIL 16, 1999.

*William C. Head,* for appellant.

*Joseph J. Drolet, Solicitor, Marko L. Burgar, Assistant Solicitor,* for appellee.