### A10A0106. MYERS v. THE STATE.
(691 SE2d 650)

MIKELL, Judge.

A Coweta County jury convicted Deanise Michelle Myers of five counts of driving under the influence ("DUI"). Myers received a misdemeanor sentence of one day to serve in jail and twelve months of probation. She was also ordered to do community service and to pay a fine.[1] On appeal, Myers asserts four enumerations of error, three of which challenge the sufficiency of the evidence and the last

---

[1] Myers was charged with DUI less safe (OCGA § 40-6-391 (a) (1) (Count 1)), driving under the influence of drugs (OCGA § 40-6-391 (a) (2) (Count 2)), driving while under the influence of two or more substances to the extent that it was less safe to drive (OCGA § 40-6-391 (a) (1), (2), (4) (Count 3)), DUI per se (OCGA § 40-6-391 (a) (5) (Count 4)), and driving under the influence of a controlled substance (OCGA § 40-6-391 (a) (6) (Count 5)). The convictions were merged for sentencing purposes.

of which asserts that the trial court erred in its charge to the jury. We affirm.

Viewed in support of the verdict, the evidence shows that Corporal Chris Segrest of the Coweta County Sheriff's Office arrested Myers for driving under the influence after he stopped her car for failure to maintain the lane of travel. Segrest testified that Myers' speech was slurred and her eyes were glassy; that a strong odor of alcohol emanated from her breath and she was unsteady on her feet; that Myers appeared to be wearing pajamas; and that she admitted that she had two glasses of wine earlier that evening and had taken Xanax and Ambien. Segrest further testified that he gave Myers an alco-sensor test, the results of which were positive for alcohol and that he took her to a hospital where a blood alcohol test was conducted.

GBI forensic toxicologist Leigh Champion testified that Myers' blood alcohol content was 0.093. Troy Dettmering, also a forensic toxicologist, testified that Myers' blood sample showed that she had ingested a therapeutic amount of Xanax consistent with the common dosage prescribed by physicians, but that the amount of Ambien in her blood was two to three times the commonly prescribed dosage. According to Dettmering, the consumption of alcohol, Xanax, and Ambien would have caused a lack of muscular coordination and mental cloudiness.

Myers testified that on the evening in question, she took a Xanax before having dinner, drank two glasses of wine with dinner, and took two doses of Ambien to help her sleep; that she had been taking Xanax and Ambien periodically for approximately two years before the incident occurred; and that the prescription bottle for the Ambien contained a warning not to drink alcohol when taking the medication and also warned that the drug might impair the ability to drive or operate machinery. Myers further testified that she had no recollection of the events that occurred between her taking the second Ambien and waking up in jail.

1. In her first three enumerated errors, Myers challenges the sufficiency of the evidence, but she provides absolutely no argument or citation of authority to support her position in her appellate brief. Accordingly, she has abandoned these enumerated errors in accordance with Court of Appeals Rule 25 (c) (2), which provides that any enumeration of error that "is not supported in the brief by citation of authority or argument may be deemed abandoned."[2] Nonetheless, having reviewed the evidence in the record, we conclude that it supports the jury's verdict.

---

[2] See *Dix v. State*, 246 Ga. App. 338, 339 (1) (540 SE2d 294) (2000).

2. Myers argues that the trial court committed reversible error when it failed to charge the jury on her sole defense that she lacked the intent to drive under the influence. At no point in her brief does Myers provide the content of what she contends the trial court should have charged;[3] rather, she maintains that the trial court erred when it charged that her lack of intent was immaterial. Because the trial court properly charged the jury on the element of intent, we disagree.

The trial court charged the jury, in pertinent part, as follows:

> I charge you, ladies and gentlemen, that driving under the influence and driving on the wrong side of the road are crimes malum prohibitum, the criminal intent element of which is simply the intent to do the act which results in the violation of the law, not the intent to commit the crime itself. Consequently, to the extent that the defendant here argues inability to form an intent to commit the crime for which she is charged, it is immaterial, which means it should not be considered. While proof of criminal intent is required to convict the defendant of the crimes with which she is prosecuted, the [s]tate is not required to prove that the defendant intended to drive under the influence of alcohol in violation of the law or on the wrong side of the road, rather, it is required to prove beyond a reasonable doubt only that while intoxicated she drove and drove crossing over . . . the right line, intending such acts.

The charge given by the court is aligned with our holding in *Crossley v. State*,[4] wherein we rejected the defendant's argument that he lacked the intent to drive under the influence or to drive recklessly because he "blacked out" and did not remember the attendant circumstances of the blackout but nevertheless conducted himself normally when talking with police.[5] In that case, the defendant stipulated that he had been drinking earlier that evening.[6] As the trial court charged here, we explained in *Crossley* that "driving

---

[3] Myers' proposed request to charge no. 6 provided as follows:
A person shall not be found guilty of a crime when, at the time of the conduct constituting the crime, the person because of involuntary intoxication did not have sufficient mental capacity to distinguish between right and wrong in relation to the criminal act. Involuntary intoxication means intoxication caused by . . . [c]onsumption of a substance through excusable ignorance.
But Myers did not reference this charge in her brief.

[4] 261 Ga. App. 250 (582 SE2d 204) (2003).

[5] Id. at 251-252.

[6] Id. at 250-251.

under the influence and reckless driving are crimes malum prohibitum, the criminal intent element of which is simply the intent to do the act which results in the violation of the law, not the intent to commit the crime itself."[7] We concluded that "[c]onsequently, to the extent that [the defendant] argue[d] an inability to form an intent to commit the crimes of which he was convicted, it [was] immaterial,"[8] because the state was not required to prove that the defendant intended to drive under the influence. Rather, it was required to show only that while intoxicated, the defendant drove and failed to maintain his lane, intending to do so.[9] Similarly, in *Larsen v. State*,[10] we found the evidence sufficient to support the defendant's DUI conviction where she argued that she had no intent to drive and remembered nothing between the time she took her bedtime medication and realized she was handcuffed in the back of a police car.[11] Here, as in the cases cited above, the evidence is undisputed that Myers intentionally ingested alcohol, Xanax, and Ambien, and then drove in an intoxicated state and failed to maintain her lane.

The trial court in the instant case also charged that

[i]ntent is an essential element in any crime and must be proven by the [s]tate beyond a reasonable doubt. Intent may be shown in many ways, . . . It may be inferred from proven circumstances or by acts of conduct or it may be in your discretion inferred when it is the natural and necessary consequences of the act. Whether or not you draw such an inference is a matter solely for you to determine.

Therefore, viewing the charge as a whole, we find that the trial court's instruction on intent was appropriate and did not confuse or mislead the jury on the burden of proof.[12] Consequently, Myers' enumeration of error fails.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

---

[7] (Citations, punctuation and footnote omitted.) Id. at 252.

[8] Id.

[9] Id.

[10] 253 Ga. App. 196 (558 SE2d 418) (2001).

[11] Id. at 198 (1). We stated that "DUI is a crime of general, not specific, intent. The state does not have to prove that the defendant intended to drive under the influence, only that the defendant was in an intoxicated condition and that she intended to drive. . . . Voluntary intoxication is not an excuse for any criminal act." (Citations and punctuation omitted.) Id. at 197-198 (1). But see *Colon v. State*, 256 Ga. App. 505, 509-510 (5) (a) (568 SE2d 811) (2002) (DUI conviction reversed; involuntary intoxication was available as an affirmative defense where defendant testified that someone put an unknown drug in his drink unbeknownst to him).

[12] See *Lewis v. State*, 269 Ga. App. 94, 96 (1) (603 SE2d 492) (2004).

DECIDED MARCH 9, 2010.

*Steven L. Harris*, for appellant.

*Robert Stokely, Solicitor-General, Sandra N. Wisenbaker, Amy B. Godfrey, Natalie Ashman, Stephen J. Tuggle, Assistant Solicitors-General*, for appellee.