## A11A0674. MASSEY v. THE STATE.
### (711 SE2d 65)

MCFADDEN, Judge.

A jury found David Anthony Massey guilty of driving under the influence of alcohol, reckless driving, fleeing and attempting to elude, speeding, three counts of passing in a no-passing zone, and two counts of disobeying a traffic control device. Massey appeals, challenging the introduction of similar transaction evidence at trial. Because the evidence was admissible to show bent of mind and course of conduct, we affirm.

Viewed favorably to the jury's verdict, the evidence shows that around 9:30 p.m. on June 30, 2008, Officer Michael Roach of the Hall County Sheriff's Department observed a Pontiac sports car run a red light, accelerate rapidly through the intersection, and pass several cars in a no-passing zone. Roach activated the lights and siren on his patrol car and chased after the Pontiac. During the pursuit, the Pontiac continued to accelerate, reaching speeds exceeding 100 miles per hour. The car ran through two more red lights, passed additional cars in a no-passing zone, and eventually pulled away from the officer.

Roach stopped his pursuit, but drove along the route taken by the speeding car. Two minutes down the road, he saw a Pontiac just like the one he had chased parked and unoccupied in a shopping center parking lot. Smoke was "rolling off the brakes," and the hood was extremely hot. Based on the car's license plate, Roach determined that the vehicle was registered to Massey's mother, and he learned that Massey had been using the car.

A few minutes later, officers located Massey near a McDonald's

restaurant at the entrance to the shopping center. Massey was belligerent, uncooperative, and unsteady on his feet. His face was flushed, his speech was slurred, his eyes were bloodshot and watery, and he smelled strongly of alcohol. Roach asked Massey to take part in field sobriety tests, but Massey refused. Based on Massey's behavior and appearance, Roach concluded that he was under the influence of alcohol to the extent he was less safe to drive. Roach arrested Massey, who also refused to take a state-administered chemical test of his blood.

At the scene, Massey told Roach that he had not been driving and rode to the McDonald's with friends. A witness testified, however, that she spent the day with Massey and other friends at a nearby lake. Massey, who drove the Pontiac to the lake, gave her a ride home that night. During the drive, Massey became angry and sped through a red light, and a police car began to chase them. The witness advised Massey to stop, but Massey continued to accelerate and stated that he did not want to go to jail. Massey's mother also testified that Massey had possession of her car that day.

In addition to this testimony, the State introduced similar transaction evidence regarding a May 31, 2004 incident. On that date, Massey lost control of his vehicle while driving approximately 90 miles per hour around a curve in a 55 mile-per-hour zone. His car left the roadway and struck several trees. The investigating officer testified that Massey had bloodshot eyes, slurred speech, and the odor of alcohol on his breath following the collision. Concluding that Massey was under the influence of alcohol to the extent he was less safe to drive, the officer arrested him, and Massey later pled guilty to driving under the influence.

The jury found Massey guilty of driving under the influence and other offenses arising out of the June 30, 2008 incident. On appeal, Massey does not challenge the sufficiency of the evidence supporting his convictions. He argues solely that the trial court erred in admitting the similar transaction evidence. We find no error.

The trial court admitted the evidence for the limited purpose of showing Massey's bent of mind and course of conduct. These are proper purposes for the admission of similar transaction testimony. See *Cunningham v. State*, 255 Ga. 35, 37 (4) (334 SE2d 656) (1985); *Steele v. State*, 306 Ga. App. 870, 872 (1) (703 SE2d 5) (2010). According to Massey, however, the issues in this case revolved around identity and who was driving the Pontiac. He further claims that although the State could have sought admission of the similar transaction evidence to prove identity, it did not, and thus the prejudicial impact of the evidence outweighed its probative value.

It is true that Massey's trial defense focused on his claim that he was not driving the Pontiac. The State, however, was required to

prove not only that Massey was driving, but that he drove the car under the influence of alcohol to the extent it was less safe for him to drive. See OCGA § 40-6-391 (a) (1). And "[e]vidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so." (Punctuation and footnote omitted.) *Caraway v. State*, 286 Ga. App. 592, 596 (4) (649 SE2d 758) (2007).

The State offered evidence that Massey had previously pled guilty to driving under the influence of alcohol in circumstances that, like the situation here, involved recklessness at a high rate of speed. "Such evidence was relevant to [Massey's] bent of mind and course of conduct with respect to driving while intoxicated." *Ayiteyfio v. State*, 308 Ga. App. 286, 289 (707 SE2d 186) (2011). Accordingly, the trial court properly admitted the similar transaction evidence.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 5, 2011.

*Leonard C. Parks, Jr.*, for appellant.
*Stephanie D. Woodard, Solicitor-General*, for appellee.