**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 12, 2014**

# In the Court of Appeals of Georgia

A14A0832. LINGO v. THE STATE.                                    DO-031

DOYLE, Presiding Judge.

James Lingo appeals his conviction for robbery,[1] arguing that the trial court erred by admitting evidence of his gang affiliation. We agree, but nevertheless affirm because Lingo has failed to establish harm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[2] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support

---

[1] OCGA §16-8-40 (a) (1).

[2] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

each fact necessary to make out the State's case, we must uphold the jury's verdict.[3]

So viewed, the record shows that on January 14, 2012, middle schoolers Richard Dominguez and Donovan Martinez were approached at a Gwinnett County car wash by three males who asked to borrow a phone. One of the males pointed a knife at Dominguez and demanded his phone, another grabbed it, and then all three assailants ran. According to Dominguez, the man with the knife was white, wore a red and black varsity school jacket and a black baseball cap, had on a ski mask that covered the bottom half of his face, and had a centimeter long "open" star mark on his face below his left eye. Dominguez described the other two assailants as black males wearing gray hooded jackets. Martinez testified that two of the men were black and the third man, who wielded the knife, was white, wore a black ski mask over his mouth, a red varsity jacket, and a red hat, and had a star under one of his eyes.

Police showed Dominguez a photographic lineup, which contained a photograph of Lingo taken before he got his tattoo[4]; Dominguez was unable to

_____

[3] (Citation omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[4] At trial, an officer testified that when creating a photographic lineup, police intentionally either digitally remove distinguishing features, such as visible tattoos, from a suspect's photograph or select other individuals for the lineup who have the

2

identify him. At a February 29, 2012 hearing, Dominguez initially identified Lingo, who was sitting at the defense table, as the white assailant, but clarified that he was not sure of his identification; at trial, however, Dominguez testified that Lingo was the white assailant. Martinez identified Lingo at trial as the assailant who wielded a knife during the robbery.

On January 25, 2012, teenager Patrick Reed was walking through the parking lot of the Club Lakes apartment complex in Gwinnett County when a male grabbed him from behind and put him in a choke hold. Another man approached, and the two began punching Reed, threw him to the ground, and kicked him. One of the men directed the other to get Reed's phone and check his pockets. One of the men took money from Reed, but the assailants fled when someone came out of his or her home before the assailants could wrestle Reed's phone from him. According to Reed, the man who initially grabbed him was white, wore a red hat, red jacket, and green tennis shoes, and he had a star tattoo under his left eye; the other man was black and wore a navy blue jacket. A police officer investigating a separate incident in the late afternoon on January 25, 2012, saw Lingo in the Club Lakes apartment complex wearing a red jacket and a red baseball cap. Reed was unable to identify the assailants

same feature.

3

from a photograph lineup, but he identified Lingo as one of the assailants in a subsequent court proceeding in February 2012.

On January 27, 2012, Reed's sister was driving through the Club Lakes apartment complex when she saw two men matching the description Reed gave of the men who assaulted him two days before. After calling Reed and confirming his description, she called the police, and followed the two men to a nearby market, where police arrived. Lingo, who was one of the men pointed out by Reed's sister, had a small tattoo under his left eye and was wearing red pants, red and black shoes, and a red Atlanta Braves cap. Lingo's co-defendant, Ralik Jones, was also present.[5] Police searched Lingo's apartment and found a red and gray sweatshirt;[6] green Nike shoes; a black, white, and red varsity jacket; and a blue and gray jacket.

Lingo was charged with armed robbery and aggravated assault in connection with the January 12 incident involving Martinez and Dominguez; Lingo and co-defendant Jones were charged with robbery in connection with the January 25

---

[5] Jones was not tried with Lingo.

[6] A police officer testified at trial that Reed stated that the white male who assaulted him was wearing a red sweatshirt with a gray center.

4

incident involving Reed.[7] Lingo made an oral motion in limine before trial to exclude any evidence regarding his participation in a gang. After hearing argument, the trial court denied the motion, permitting the State to introduce testimony from an officer regarding Lingo's gang membership for the purpose of showing identity, concluding that the probative value of the evidence outweighed its prejudicial effect.[8]

During the trial, Investigator Kevin Sipple testified that on May 13, 2010, Lingo advised that he was a two-star general in the Black P Stone Nation gang and that the gang's predominant colors are black and red, with green as an associate color. Sipple also testified that Lingo's co-defendant, Jones, was a member of the same gang, and the gang members all predominantly wore the gang colors.

With regard to the charges involving Martinez and Dominguez, the trial court directed a verdict of acquittal as to the aggravated assault charge, and the jury found Lingo not guilty of armed robbery. With regard to the charges involving Reed, the

---

[7] Lingo and Jones were also charged with criminal attempt to commit burglary of two separate residences on January 27, 2012, but the State entered a nolle prosequi as to those charges.

[8] The trial court instructed the jury that the evidence was admitted for a the sole purpose of establishing identity.

jury found Lingo not guilty of armed robbery, but guilty of robbery,[9] and Lingo was sentenced to twenty years, to serve eight in confinement.

Lingo appeals the denial of his subsequent motion for new trial, arguing that the trial court erred by admitting the evidence of his gang affiliation. We agree, but affirm for the reasons that follow.

"As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse."[10]

Lingo's trial began on March 11, 2013, after the effective date of Georgia's new Evidence Code, which applies to trials commenced on or after January 1, 2013. "The new Code adopted, in large measure, the Federal Rules of Evidence, and its sections are comparable to corresponding federal rules. Because of this similarity, it is proper that we give consideration and great weight to constructions placed on the Federal Rules by the federal courts."[11]

---

[9] Lingo was tried separately from Jones.

[10] (Punctuation omitted.) *Williams v. State*, ___ Ga. App. ___, ___ (1) (Case No. A14A0986, decided Aug. 26, 2014).

[11] (Footnotes and punctuation omitted.) *Jones v. State*, 326 Ga. App. 658, 660 (1) (757 SE2d 261) (2014).

OCGA § 24-4-404 (b) provides in relevant part:

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"Thus, if the evidence of other acts is relevant for some other purpose than to show a probability that the defendant committed the crime because he is a man of criminal character, the evidence is admissible despite incidentally placing the defendant's character in issue."[12]

The [Eleventh] Circuit utilizes a three-part test for evidence of other crimes or acts to be admissible pursuant to Federal Rule of Evidence 404 (b): (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Federal Rule of Evidence 403.[13]

---

[12] (Citations and punctuation omitted.) *Washington v. State*, 294 Ga. 560, 563 (2) (755 SE2d 160) (2014).

[13] *Jones*, 324 Ga. App. at 660 (1), citing *United States v. Edouard*, 485 F3d 1324, 1344 (II) (C) (11th Cir. 2007); *United States v. Delgado*, 56 F3d 1357, 1365 (III) (B) (11th Cir.1995).

OCGA § 24-4-403, which tracks Federal Rule 403, provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In this case, there was no evidence whatsoever that the robberies were gang-related. Although gang affiliation may be admissible to show motive,[14] that was not the purpose of the admission of the evidence in this case, and there was no evidence that Lingo's gang membership was in any way related to his motive for committing the crimes. And although the Supreme Court of Georgia and this Court have previously affirmed the admission of evidence regarding a defendant's prior gang affiliation as res gestae,[15] here, because the evidence of Lingo's gang affiliation was

---

[14] See, e.g., *Wolfe v. State*, 273 Ga. 670, 674 (4) (a) (544 SE2d 148) (2001) (gang membership was key to the defendant's motive to commit the crimes, which he did at the request of gang members and pursuant to gang's code of conduct, which required him to participate or to suffer repercussions); *Johnson v. State*, 277 Ga. App. 499, 507 (4) (627 SE2d 116) (2006) (evidence of defendant's gang membership was admissible and "relevant to show how the defendants knew one another, and to provide a context and motive for the defendants' joint participation in the robbery").

[15] See, e.g., *Corza v. State*, 273 Ga. 164, 166 (2) (539 SE2d 149) (2000); *Morey v. State*, 312 Ga. App. 678, 684-685 (1) (b) (719 SE2d 504) (2011). Similarly, the Eleventh Circuit has held that "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if linked in time and circumstances with the charged

8

unrelated to the crimes, it was not res gestae. Moreover, Lingo's prior gang affiliation had minimal probative value with regard to identity. The fact that Lingo was wearing gang colors – red and black – at the time the crimes were committed is not enough in itself to establish a probative connection between the crimes alleged and his gang affiliation, particularly given that others who were involved in the robberies were *not* wearing gang colors.[16] Similarly, the fact that Lingo's co-defendant was also a member of the same gang was of limited probative value, considering that they were apprehended together and in the absence of any evidence that the crimes were gang-related. Thus, the evidence of Lingo's gang membership two years before the crimes in the case was of minimal, if any, probative value.

In the absence of a charge of violation of the Georgia Street Gang Terrorism and Prevention Act,[17] evidence of a defendant's gang affiliation is highly

---

crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *Edouard*, 485 F3d at 1344 (II) (C).

[16] Compare *Johnson v. State*, 261 Ga. App. 98, 104 (5) (c) (581 SE2d 715) (2003).

[17] OCGA § 16-15-1 et seq.

prejudicial.[18] And in this case, the unfairly prejudicial effect of the evidence of

Lingo's gang affiliation substantially outweighed its minimal probative value.[19]

Accordingly, the trial court abused its discretion in admitting the evidence of Lingo's

gang membership.[20]

Nevertheless, "it is fundamental that harm as well as error must be shown for

reversal."[21] In this case, the victim identified Lingo in court; a police officer saw

Lingo in the same apartment complex where the crimes occurred on the day of

---

[18] See *Jones v. State*, 292 Ga. 656, 662 (2) (740 SE2d 590) (2013) ("it was highly prejudicial for the prosecuting attorney to argue that [the defendant] had been involved in a prior gang shooting").

[19] The Eleventh Circuit has described Federal Rule of Evidence 403 "as 'an extraordinary remedy which the courts should invoke sparingly, and the balance should be struck in favor of admissibility.'" *Flading v. State*, 327 Ga. App. 346, 351-352 (2) (759 SE2d 67) (2014), quoting *United States v. Sumner*, 522 Fed.Appx. 806, 810 (11th Cir. 2013). The Eleventh Circuit has also explained, however, that "[t]he major function of Rule 403 is to exclude evidence 'of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect,'" within which category the evidence of Lingo's gang affiliation falls in this case. *United States v. Aguila–Urbay*, 480 Fed.Appx. 564, 567 (11th Cir. 2012).

[20] See e.g., *Jones*, 326 Ga. App. at 666 (1).

[21] (Punctuation omitted.) *O'Neal v. State*, 288 Ga. 219, 223 (2) (702 SE2d 288) (2010), quoting *Matthews v. State*, 268 Ga. 798, 803 (4) (493 SE2d 136) (1997). See also *Williams*, ___ Ga. App. ___, ___ (1) (erroneous admission of evidence under OCGA § 24-4-403 is subject to harmless error analysis).

10

commission; Lingo was apprehended two days after the robbery in the same apartment complex wearing a red hat and red jacket matching that described by the victim; and the police discovered in Lingo's home clothing matching the description of that worn by both assailants on the day of the robbery. Given this evidence and that the jury acquitted Lingo of the armed robbery of Dominguez, we conclude that the trial court's erroneous admission of the evidence of Lingo's gang affiliation was harmless and does not require reversal.

*Judgment affirmed. Miller, J., concurs. Dillard, J., concurs in judgment only*.

A14A0832. LINGO v. THE STATE

DILLARD, Judge, concurring in judgment only.

I concur in judgment only because I do not agree with all that is said in the majority opinion. As such, the majority's opinion decides only the issues presented in the case *sub judice* and may not be cited as binding precedent. *See* Court of Appeals Rule 33 (a).