**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 2, 2015**

# In the Court of Appeals of Georgia

A14A1806. NGUYEN v. THE STATE.

RAY, Judge.

After a trial in which he represented himself pro se, Trung Nguyen was convicted of one count of driving under the influence (less safe) (OCGA § 40-6-391 (a) (1)). Nguyen appeals from his conviction, arguing that the trial court erred in admitting a similar transaction into evidence and that the State erred in discussing such evidence during its opening statement. Nguyen also argues that the trial court erred in ruling that he knowingly and intelligently waived his right to counsel. For the following reasons, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the

evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and punctuation omitted.) *Owens v. State*, 326 Ga. App. 692, 692 (757 SE2d 288) (2014).

The evidence at trial showed that Officer Matt Reeves of the Flowery Branch Police Department initiated a traffic stop on Nguyen's vehicle after noticing he was exhibiting a "pattern of erratic and less-safe driving" that included weaving in and out of his lane, accelerating and decelerating his speed, and failing to use his brake lights. As the officer approached the vehicle, he smelled an odor of alcohol emanating from the vehicle's open window and noticed that Nguyen's eyes had a glazed, watery, and bloodshot appearance. Nguyen told the officer that he had been drinking beer that evening. The officer then gave Nguyen field sobriety tests, and from the tests' results, the officer concluded that Nguyen was "impaired. He shouldn't have been on the road. He was too drunk to have been on the road." The officer also testified that he overheard Nguyen state, in a phone call to his wife, that "I don't know how I got so drunk, but I'm under arrest for DUI." A blood test taken approximately an hour and a half after the initial traffic stop revealed a blood alcohol level of 0.078. The State

2

provided expert testimony that Nguyen's blood alcohol content at the time of the stop was likely between 0.088 and 0.103.

1. Nguyen asserts that the trial court erred in failing to adequately ascertain that the waiver of his right to counsel was knowing and voluntary. We disagree.

As an accused in a prosecution that could end up in imprisonment, Nguyen had a constitutional right to counsel. The determination of whether an accused has intelligently waived this constitutional right depends upon the particular facts and circumstances of each case. *Dellinger v. State*, 269 Ga. App. 878, 878 (2) (a) (605 SE2d 632) (2004). Although an accused may waive this right, the waiver is only valid if it is made with an understanding of

> (1) the nature of the charges, (2) any statutory lesser included offenses, (3) the range of allowable punishments for the charges, (4) possible defenses to the charges, (5) circumstances in mitigation thereof, and (6) all other facts essential to a broad understanding of the matter.

(Footnote omitted.) *Middleton v. State*, 254 Ga. App. 648, 648 (1) (563 SE2d 543) (2002). Nevertheless, "it is not incumbent upon the trial court to make each of these inquiries." (Citation, punctuation and footnote omitted.) *Bush v. State*, 268 Ga. App. 200, 202 (2) (601 SE2d 511) (2004). See *Hightower v. State*, 252 Ga. App. 811, 811

3

(557 SE2d 434) (2001), ("[c]ontrary to the implication in some appellate decisions, the warnings required to meet constitutional muster need not take any rigid form, and specific questions need not be asked on the record"). Rather, the record need only reflect "that the defendant was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver." (Citation and punctuation omitted.) *Cook v. State*, 297 Ga. App. 701, 702 (678 SE2d 160) (2009). The determination of "whether a defendant has been sufficiently warned about the dangers of self-representation will turn on the peculiar facts and circumstances of each case." *Simpson v. State*, 238 Ga. App. 109, 112 (1) (517 SE2d 830) (1999) (finding that where, inter alia, trial court told him it would be "extraordinarily unwise" to represent himself and appointed counsel had an "ongoing dialogue" with appointed counsel about the dangers of such, defendant knowingly and intelligently waived his right to counsel despite fact that the trial court did not make certain specific inquiries).

In the present case, Nguyen appeared pro se when the case was called to trial, and he stated that he did so because he was not eligible for court-appointed counsel and decided to represent himself at trial. The trial court indicated to Nguyen that it would "go over a few things with you" prior to trial. The trial court asked Nguyen if he was under the influence of any alcohol or drug, or whether he was suffering from

4

any mental or physical disabilities. Nguyen responded negatively. The trial court then informed Nguyen of the nature of the charges against him and the maximum penalty that could be imposed for each charge. When asked if he understood, Nguyen responded affirmatively. The trial court then went over the dangers of proceeding to trial without the assistance of counsel, including the fact that a lawyer could possibly aid in the discovery or presentation of defenses to the charges, discover weaknesses in the case or offer beneficial advice. The trial court further advised Nguyen of his right to remain silent, right not to testify or offer any evidence, and that it is the State's burden of proof and not for him to disprove. The trial court also advised Nguyen that he was bound by the rules of trial procedure. Nguyen responded that he understood these terms and that he still wished to proceed pro se. Nguyen also signed a pre-trial waiver form. The form stated that he had been advised of the nature of the charges against him, had been advised of the maximum sentence allowed on each charge and of the dangers of proceeding to trial without the assistance of counsel, namely, that he would be bound by the rules of trial procedure despite not having been trained as a lawyer, and that a lawyer would be able to assist him by discovering and raising defenses to the charges or discover weaknesses in the State's case.

5

Nguyen contends that the trial court erred by failing to discuss potential defenses, the possibility of lesser-included offenses, mitigating circumstances or the range of allowable punishments with him. By failing to mention these issues, Nguyen argues, the trial court failed to properly ascertain that he knowingly and voluntarily waived his right to counsel. "This argument ignores the repeated emphasis that 'no magic language must be used by the trial judge in making the defendant aware of his right to counsel and of the dangers of proceeding without counsel." (Citation and punctuation omitted.) *Bush*, supra at 204. (waiver of counsel was knowingly and voluntarily made despite trial court's failure to inform defendant of lesser-included offenses and the need to preserve issues for appeal). As stated earlier, the trial court does not have to ask any particular questions, but rather the record need only to reflect that, "aware of the dangers of self-representation, the accused nevertheless made a knowing and intelligent waiver." (Citation omitted.) *Bush*, supra.

2. Prior to trial, the State moved to admit evidence that Nguyen was convicted of DUI per se in 2003 as a similar transaction tending to prove Nguyen's "knowledge, intent, [and] absence of mistake." The State introduced evidence that Nguyen's vehicle was pulled over for failing to maintain his lane and fluctuating his rate of speed in 2003. After roadside sobriety tests indicated that he was intoxicated, Nguyen

6

was arrested, and subsequent blood tests indicated that he had a blood alcohol content of .093. Nguyen did not object to the admission of this evidence either before or during trial.

Nguyen cites to this Court's recent decision in *Jones v. State*, 326 Ga. App. 658 (757 SE2d 261) (2014) for the proposition that the trial court committed plain error in admitting his 2003 DUI conviction as similar transaction evidence in violation of O.C.G.A § 24-4-404 because the prior conviction evidence was neither relevant to nor probative of any issue at trial aside from his character.

This Court in *Jones* held, in a case of first impression, that under OCGA § 24-4-404 (b) of Georgia's new Evidence Code[1] that evidence of a prior DUI conviction is not admissible for the purposes of showing intent and knowledge of the accused in a DUI trial.[2] Without deciding whether the holding in *Jones* would apply in the

---

[1] OCGA § 24-4-404 (b) provides:

[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

[2] We note that this holding in *Jones* is currently on appeal before the Supreme Court of Georgia, Case No. S14G1061.

7

present case, we note that the trial court did not commit plain error[3] by failing to

exclude the 2003 similar transaction evidence. *Jones* was decided on March 28, 2014,

more than two months after the trial in this case.

 Our Supreme Court has adopted the following standard regarding a plain error

analysis:

> First, there must be an error or defect – some sort of deviation from a
> legal rule – that has not been intentionally relinquished or abandoned,
> i.e., affirmatively waived, by the appellant. *Second, the legal error must
> be clear or obvious, rather than subject to reasonable dispute*. Third,
> the error must have affected the appellant's substantial rights, which in
> the ordinary case means he must demonstrate that it affected the
> outcome of the trial court proceedings. Fourth and finally, if the above
> three prongs are satisfied, the appellate court has the *discretion* to
> remedy the error - discretion which ought to be exercised only if the

---

[3] "Georgia has long followed the contemporaneous objection rule, which provides that counsel [or a pro se defendant] must make a proper objection on the record at the earliest possible time to preserve for review the point of error." (Citation and punctuation omitted.) *Fraser v. State*, 329 Ga. App. 1, 1 (763 SE2d 359) (2014). However, because this trial occurred after January 1, 2013, we may review the admission of the improper similar transaction evidence for plain error. See *Rembert v. State*, 324 Ga. App. 146, 152 (2), n. 8 (749 SE2d 744) (2013) ("Georgia's new Evidence Code, which applies to cases tried after January 1, 2013, allows a court to consider 'plain errors affecting substantial rights although such errors were not brought to the attention of the court.' OCGA § 24-1-103 (d).").

error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citation and punctuation omitted; emphasis supplied.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011). See also *Puckett v. U. S.*, 556 U. S. 129, 135 (II) (129 S.Ct. 1423, 173 LE2d 266 ) (2009). Although Nguyen may have been entitled to a ruling that the 2003 similar transaction evidence be excluded had he made the appropriate motion,[4] we cannot say that the trial court committed plain error by admitting the 2003 similar evidence. Such error, if any, would not have met the second prong of the plain error analysis – that the "legal error be clear and obvious." This is so because the relevant issue was not decided by this Court until two months *after* the trial in the present case.

3. Finally, without citing to any relevant case law, Nguyen contends that the State committed error by referencing the 2003 similar transaction evidence in her opening statement. Nguyen failed to object to this reference at trial. Even if he had properly preserved his objection for appellate review, he has not provided any authority for his contention that a prosecutor may not refer in opening statement to similar transaction evidence which has already been ruled admissible. A prosecuting

---

[4] This assumes that the holding in *Jones* is upheld by our Supreme Court.

9

attorney in an opening statement may state what he expects in good faith the evidence will show during trial of the case. *Burroughs v. State*, 186 Ga. App. 40, 43 (6) (366 SE2d 378) (1988). See also *Flournoy v. State*, 221 Ga. App. 96, 97 (1) (470 SE2d 488) (1996) (physical precedent only)

Accordingly, we find no error and affirm.

*Judgment affirmed. Andrews, P. J., and McFadden, J., concur*.