**THIRD DIVISION
MILLER, P. J.,
MCFADDEN, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 23, 2017**

# In the Court of Appeals of Georgia

A16A1932. MONROE v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Thomas Roy Monroe was convicted of driving under the influence of alcohol to the extent that he was a less safe driver, speeding, failure to maintain lane, and driving while possessing an open container of an alcoholic beverage. Monroe appeals his convictions, arguing that the evidence does not support them; that the trial court erred by admitting evidence of his prior DUI conviction; that the trial court erred by allowing the state to introduce certain demonstrative evidence; and that the trial court should have excluded testimony about an open container of what appeared to be an alcoholic beverage found in his car.

We find that the evidence was sufficient and that Monroe has not shown reversible error in the admission of his prior conviction, the demonstrative evidence, or the testimony about the open container. So we affirm Monroe's convictions.

1. *Sufficiency of the evidence*.

"On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the verdict." *Coleman v. State*, 284 Ga. App. 811, 812 (1) (644 SE2d 910) (2007) (citation omitted). So viewed, the evidence showed that at 3 a.m. on May 9, 2013, a sergeant with the Gwinnett County Police Department pulled over Monroe's car for speeding and for failing to maintain his lane. The car was traveling at a rate of 65 to 70 miles per hour, while the speed limit was 45 miles per hour, and the sergeant had seen Monroe twice drift over his lane line. The sergeant immediately smelled an odor of alcohol coming from inside the car. The sergeant believed that Monroe was intoxicated to the point where he was an unsafe driver.

The sergeant called for another officer to take over the investigation. That officer observed six out of six clues of impairment in his horizontal gaze nystagmus evaluation of Monroe. He also smelled the odor of an alcoholic beverage coming from Monroe's mouth and observed that Monroe's speech was somewhat slurred.

2

Monroe did not participate in the walk-and-turn and one-leg stand evaluations, explaining that he had been in a car accident. He refused to submit to a breath test after the officer had read him his implied consent rights. Based on Monroe's driving as well as the horizontal gaze nystagmus evaluation, the officer arrested Monroe for driving under the influence of alcohol. After Monroe's arrest, the sergeant searched Monroe's car and found a glass filled with ice and a dark liquid that smelled like an alcoholic beverage.

This evidence was sufficient for the jury to find beyond a reasonable doubt that Monroe was guilty of driving under the influence of alcohol to the extent that he was a less safe driver, speeding, failure to maintain lane, and driving while possessing an open container of an alcoholic beverage. OCGA §§ 40-6-391 (a) (1); 40-6-181; 40-6-48 (1); 40-6-253 (b); *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. *Prior DUI conviction.*

Monroe argues that the trial court erred by admitting evidence of his prior DUI conviction. The trial court admitted the evidence both under OCGA § 24-4-417 (a) (1) on the ground that it was relevant to prove knowledge and under OCGA § 24-4-404 (b) on the ground that it was relevant to show his intent.

First, Monroe argues that OCGA § 24-4-417 (a) (1) is unconstitutionally vague. But Monroe has failed to point to any place in the record where the trial court distinctly ruled on his constitutional challenge. Therefore, the constitutional challenge was not preserved for appeal. See *Focus Entertainment Intl. v. Bailey*, 256 Ga. App. 283, 284 (568 SE2d 183) (2002).

Monroe also argues that admission of this evidence violated his Fifth Amendment right not to incriminate himself. He seems to argue that if the evidence of his prior DUI conviction was admissible to prove knowledge or intent, then its admission required him to testify to explain his lack of knowledge or intent. But Monroe

> cites no authority to support his argument that adverse evidence must be excluded because its admission might impact a defendant's decision to testify. To the contrary, even if [Monroe] was forced to choose between asserting a defense based upon his own testimony or remaining silent, that is a choice that is inherent in any defendant's decision whether to testify or not, and that does not violate a defendant's constitutional rights.

*Whitman v. State*, 316 Ga. App. 655, 660 (729 SE2d 409) (2012) (citations and punctuation omitted).

Monroe claims that the admission of his prior DUI conviction amounted to double jeopardy. But he failed to support this claim with citation of authority or argument and thus has abandoned it. Court of Appeals Rule 25 (c) (2). In any event, double jeopardy "prevents successive prosecutions for the *same* offense[;] it does not prevent prosecutions for offenses which are separate and similar to a prior prosecuted offense." *Loden v. State*, 199 Ga. App. 683, 689 (6) (406 SE2d 103) (1991) (citations omitted; emphasis in original).

Monroe argues that the trial court erred in admitting his prior DUI conviction under OCGA § 24-4-417 (a) (1) as relevant to prove knowledge and under OCGA § 24-4-404 (b) as relevant to prove intent. He argues that the fact he was previously convicted of DUI is not relevant to his knowledge or intent. We disagree.

OCGA § 24-4-417 (a) (1) provides in pertinent part that in DUI prosecutions, evidence of the commission of another DUI "on a different occasion by the same accused *shall* be admissible when: (1) [t]he accused refused in the current case to take the state administered test required . . . and such evidence is relevant to prove knowledge . . . ." (emphasis added). The statute "contains a presumption in favor of the admission of [such] evidence." *State v. Frost*, 297 Ga. 296, 302 (773 SE2d 700) (2015) (citation omitted). Proof of Monroe's prior DUI conviction could strengthen

5

the inference that the fact-finder could draw from Monroe's refusal to take the state-administered test this time, that had he done so, it would have shown the presence of alcohol. Id. at 304. "This is so because . . . it might properly be inferred from evidence of prior occasions on which the accused had driven under the influence that the accused had an awareness that his ingestion of an intoxicant impaired his ability to drive safely." Id. Monroe has not shown that the trial court abused his discretion in finding that the prior DUI was relevant to prove knowledge. And because the statutory conditions obtained, the court did not err in admitting the prior DUI under OCGA § 24-4-417 (a) (1).

Nor has Monroe shown that the trial court erred in admitting his prior DUI conviction under OCGA § 24-4-404 (b) as relevant to show intent. *State v. Jones*, 297 Ga. 156 (773 SE2d 170) (2015). "[B]ecause the same state of mind was required for committing the prior act and the charged crime[], i.e., the general intent to drive while under the influence of alcohol, evidence of [Monroe's] prior conviction was relevant under Rule 404 (b) to show [his] intent on this occasion." *Jones*, 297 Ga. at 160-161 (2) (citations and footnote omitted). Monroe has not shown that the trial court clearly abused his discretion in admitting this evidence under OCGA § 24-4-404 (b). Id. at

6

159 (1) (citations omitted) ("A trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion.").

3. *Demonstrative evidence.*

Monroe argues that the trial court erred by allowing the state to admit certain demonstrative evidence: video clips showing three types of horizontal gaze nystagmus. The state introduced the video clips to show the jury what nystagmus looks like while the arresting officer was testifying about conducting the horizontal gaze nystagmus evaluation of Monroe. The officer testified that Monroe demonstrated all three types of nystagmus shown in the video clips.

> Demonstrative evidence . . . must be relevant, see OCGA § 24-4-401, and it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, see OCGA § 24-4-403. Demonstrations are also subject to the reasonable control of the trial court. See OCGA § 24-6-611.8

*Smith v. State*, 299 Ga. 424, 434-435 (3) (b) (788 SE2d 433) (2016) (footnote punctuation omitted). The trial court has wide discretion to admit demonstrative evidence, and

7

[t]he burden is on the party offering [demonstrative evidence] to lay a proper foundation establishing a similarity of circumstances and conditions. Although the conditions of the demonstration need not be identical to the event at issue, they must be so nearly the same in substantial particulars as to afford a fair comparison in respect to the particular issue to which the [demonstrative evidence] is directed. Further, experimental or demonstrative evidence, like any evidence offered at trial, should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Id. at 435 (3) (b) (citation and punctuation omitted). Here, the officer's testimony made clear that the video clips were not of Monroe, but that in the "substantial particulars," the conditions of the video clips and his observations of Monroe were similar: both showed the same kind of nystagmus. Monroe has not shown that the trial court abused his discretion in admitting this demonstrative evidence.

4. *Open container.*

Monroe argues that the trial court erred by allowing the sergeant and arresting officer to testify that they observed in Monroe's car an open container that was full of ice cubes and a dark liquid with the distinct odor of alcohol. He argues that the testimony was inadmissible because the state did not preserve the actual open container. He cites *State v. Miller*, 287 Ga. 748 (699 SE2d 316) (2010), which

8

concerns "the proper standard for analyzing whether the destruction of potentially exculpatory evidence rises to a violation of due process." Id.

In determining whether the state's failure to preserve evidence which might have exonerated the defendant amounts to a constitutional violation,

> a court must determine both whether the evidence was material and whether the police acted in bad faith in failing to preserve the evidence. To meet the standard of constitutional materiality, the evidence must possess an exculpatory value that was apparent before it was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

Id. at 754 (citation omitted). A claim based on the state's destruction of evidence "can be successful only if [Monroe] shows that the evidence was material *and* that the police acted in bad faith in failing to preserve it." *Doyal v. State*, 287 Ga. App. 667, 671 (6) (653 SE2d 52) (2007) (citation and punctuation omitted; emphasis added). Pretermitting whether the open-container evidence possessed an apparent exculpatory value so as to make it constitutionally material, Monroe has not shown that the police acted in bad faith in failing to preserve it. Id. Cf. *Champion v. State*, 260 Ga. App. 12, 14-15 (2) (579 SE2d 35) (2003) (rejecting contention of accountant charged with "manipulation of deposit records" to facilitate stealing cash that lost financial records

9

were material because they "would have shown that certain expenses were paid in cash and thereby explained the missing money"). So he has not shown that the trial court erred by allowing the officers to testify about this evidence.

*Judgment affirmed. Miller, P. J., concurs. McMillian, J., concurs fully in Divisions 1,2, and 3, and in the judgment only as to Division 4.*