**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**August 10, 2020**

# In the Court of Appeals of Georgia

A20A0923. HENDRIX v. THE STATE.

MERCIER, Judge.

A jury found Lamar Hendrix guilty of armed robbery and aggravated assault. Following the denial of his motion for new trial, Hendrix appeals, asserting error in the trial court's admission of other act evidence pursuant to OCGA § 24-4-404 (b). We affirm.

Construed in favor of the verdict, the evidence showed that on September 12, 2016, Raul Garcia received a call from someone he knew only as "Justin" asking to purchase marijuana. When Garcia arrived at the designated location for the transaction, Justin was not there but two other individuals Garcia knew, Hendrix and his co-defendant Van Alexander Pride, got into Garcia's car, and the three drove to another area. At some point Hendrix pulled out a gun and Pride attempted to take the

bag of marijuana from Garcia. Garcia and Pride began fighting over the bag of marijuana, and during the struggle, Hendrix "pistol [ ] whipped" Garcia with the gun. Pride took Garcia's cell phone and when Garcia demanded it back, Pride told Garcia to "leave it alone . . . before [Hendrix] bust you," which Garcia understood to mean that Hendrix would shoot him. Hendrix and Pride then "took off running."[1]

Prior to trial, the State filed a notice of intent to present evidence of another act pursuant to OCGA § 24-4-404 (b), specifically a robbery. Following a hearing, the trial court ruled that it would allow the evidence as it was relevant to show Hendrix's intent and modus operandi in the charged offenses. This evidence showed that on September 26, 2016, two weeks after the incident involving Garcia, someone contacted Selena Morvin-Rose, who had advertised her photography services on Instagram, and asked her to take some photographs. Morvin-Rose knew this person only as "Jordan" and agreed to take "portrait type of pictures" of him for $40. Morvin-Rose met Jordan at a playground. As Morvin-Rose prepared her camera, Hendrix, whom she knew from the neighborhood, approached her and told her he was

---

[1] Hendrix exercised his right not to testify. But Pride testified and explained that he starting punching Garcia in the face because Garcia took his money but refused to give him the marijuana. Pride stated further that it was Garcia who pulled out the gun and that Hendrix took the gun from Garcia. The jury acquitted Pride of armed robbery but found him guilty of aggravated assault.

2

going to take the camera. Morvin-Rose pulled the camera away and backed up. As she did so, she tripped over a bench and fell to the ground with the camera strap still around her neck. Hendrix pulled the strap from her neck, grabbed the camera, and pushed her head into the ground, causing her to "black[ ] out for a second." Jordan did not assist Morvin-Rose and walked away with Hendrix who had her camera. Hendrix was charged with robbery by force, and the State's case against him for that crime was pending at the time of the trial in this case.

The jury found Hendrix guilty of the armed robbery and aggravated assault of Garcia; the aggravated assault count merged with the armed robbery count. Following the denial of Hendrix's motion for new trial, this appeal followed.

Hendrix challenges the trial court's admission of the other act evidence pursuant to OCGA § 24-4-404 (b).[2] He does not contend that the evidence fails to satisfy the three-part test for admissibility.[3] Instead, he argues that the trial court

---

[2] Rule 404 (b) provides that "[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[3] See *Smart v. State*, 299 Ga. 414, 417 (2) (788 SE2d 442) (2016) ("(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; (3) the

should have considered the ABA Standards on Joinder before ruling that the other act was admissible, and that he was denied due process regarding his decision not to testify. Both of these arguments are without merit.

The ABA Standards on Joinder of Offenses provide that where two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, a defendant has the right to a severance of the offenses. See *Hickman v. State*, 299 Ga. 267, 269 (2) (787 SE2d 700) (2016). Hendrix argues that the standards required the trial court to exclude the other act evidence because both the case-in-chief and the case based upon the other act were pending on the same trial calendar. He complains that he essentially had a trial on – and was forced to defend against – both this case and the other act case at the same time. But Hendrix cites no authority requiring the trial court to apply the ABA Standards on Joinder where as here, the offenses *were not* joined for trial. Further, the trial court properly instructed the jury that it could consider the other act evidence only to the extent it may show Hendrix's intent and modus operandi, and that Hendrix was only on trial for the offenses charged in the indictment and not for any other acts. See, e.g., *McWilliams*

government must offer sufficient proof so that the jury could find that defendant committed the act").

4

*v. State*, 304 Ga. 502, 511 (3) (820 SE2d 33) (2018) (unlikely jury convicted defendant based upon extrinsic acts evidence rather than on the charged acts where court gave specific instructions about the limited purpose of the evidence).

Hendrix also asserts that the admission of the other act evidence denied him due process and affected his decision to testify. He contends that although he was advised by counsel not to testify, he wanted to testify but would have been cross-examined concerning the other act and would have to later defend against it with no chance of being acquitted. We have held, however, that a defendant's constitutional rights are not violated by the defendant having to make a choice whether or not to testify where a similar transaction (now "other crimes, wrongs, or acts") that is the basis for another pending case is admitted. See *Whitman v. State*, 316 Ga. App. 655, 657-661 (729 SE2d 409) (2012) (no error in admission of a similar transaction from a pending case on the ground that it had an improper impact on defendant's Fifth and Sixth Amendment rights). See also *Monroe v. State*, 340 Ga. App. 373, 374 (2) (797 SE2d 245) (2017). Hendrix has cited no authority that other act evidence must be excluded because its admission could impact a defendant's decision regarding whether to testify.

Hendrix has failed to establish a clear abuse of discretion in the trial court's decision to admit the other act evidence. See *Morris v. State*, 340 Ga. App. 295, 306-307 (4) (797 SE2d 207) (2017) (standard of review). We therefore affirm.

*Judgment affirmed. Miller, P. J., and Coomer, J., concur*.