**FIRST DIVISION**
**ELLINGTON, P. J.,**
**PHIPPS, P. J. and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 3, 2016**

# In the Court of Appeals of Georgia

A13A1940. JONES v. THE STATE.

PHIPPS, Presiding Judge.

In *State v. Jones*,[1] the Supreme Court of Georgia reversed this court's decision in *Jones v. State*,[2] in which this court reversed under OCGA § 24-4-404 (b) of the new Evidence Code the trial court's decision to admit in Michael Jones's trial for driving under the influence of alcohol ("DUI") (less safe and per se), evidence of a prior conviction for DUI (less safe). The Supreme Court upheld the trial court's decision to admit the evidence on the basis that it was relevant to show Jones's intent in the charged offenses.[3] Therefore, we vacate our earlier opinion and adopt the

---

[1] 297 Ga. 156, 159 (2) (773 SE2d 170) (2015) ("*Jones II*").

[2] 326 Ga. App. 658 (757 SE2d 261) (2014) ("*Jones I*").

[3] *Jones II*, supra at 162 (2).

opinion of the Supreme Court as our own. The Supreme Court also remanded the case to this court for consideration of whether the trial court erred in its evaluation of the admissibility of the prior conviction evidence under OCGA § 24-4-403. Accordingly, we render the following opinion regarding the admissibility of the evidence under OCGA § 24-4-403.

Pursuant to OCGA § 24-4-403: "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Supreme Court has stated that

> [u]nfortunately, there is no mechanical solution for this balancing test. Instead, a trial court must undertake in each case a considered evaluation of the proffered justification for the admission of such evidence and make an independent determination of whether the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[4]

---

[4] Id. at 163 (3) (citations omitted).

The Eleventh Circuit has held that under Rule 403, the federal counterpart of OCGA § 24-4-403, the determination of whether the probative value of extrinsic acts evidence outweighs its prejudicial effect "lies within the discretion of the [trial] court and calls for a common sense assessment of all the circumstances surrounding the extrinsic [act], including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness."[5] Furthermore, the Eleventh Circuit has determined that application of Rule 403 "is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence."[6] "A trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion."[7]

In this case, the trial court heard argument regarding whether the probative value of the prior conviction evidence substantially outweighed its prejudicial effect, undertook a considered evaluation of the proffered justification for the admission of

---

[5] *United States v. Perez*, 443 F3d 772, 780 (II) (11th Cir. 2006) (citation and punctuation omitted). See *Bradshaw v. State*, 296 Ga. 650, 657-658 (3) (769 SE2d 892) (2015).

[6] *United States v. Merrill*, 513 F3d 1293, 1301 (II) (B) (11th Cir. 2008) (citation and punctuation omitted). See *Bradshaw*, supra at 658 (3).

[7] *Jones II*, supra at 159 (1) (citations omitted).

3

such evidence, and made an independent determination that the probative value of the evidence substantially outweighed its prejudicial effect. The trial court noted that: (1) the circumstances surrounding the prior conviction were similar to the circumstances involving the charged offenses and, likewise, involved a charge for DUI (less safe); and (2) the charged offenses allegedly occurred five to six years after the extrinsic offense, when Jones would have had "[k]nowledge of the fact that he was less safe because he was [less safe] before." Moreover, the record demonstrates the state's need to introduce the prior conviction evidence because, as the Supreme Court explained, "[a] genuine issue regarding whether Jones was voluntarily driving while under the influence of alcohol was raised by [his] defense,"[8] and the prior conviction evidence "had a tendency to make the existence of his general intent to drive under the influence more probable and would authorize a jury to logically infer that Jones was voluntarily driving while under the influence."[9] Given these circumstances, we cannot say that the trial court abused its discretion in finding that the probative value

---

[8] Id. at 161 (2).

[9] Id. at 163 (2) (citation omitted).

4

of evidence of Jones's prior conviction was not substantially outweighed by its prejudicial effect.[10]

*Judgment affirmed. Ellington, P. J. and Branch, J., concur.*

---

[10] See generally *Perez*, supra at 779-780 (II) (by his theory of defense, the defendant made his knowledge and intent a focal point of the case, plainly making the evidence of his prior conviction admissible for non-propensity purposes; the district court did not abuse its discretion when it determined the probative value of the defendant's prior conviction, which involved a similar act as the charged offenses and took place less than two years before the instant offense, outweighed its prejudicial effect); *Watford v. State*, 332 Ga. App. 499, 505 (773 SE2d 452) (2015).