301 Ga. 544

FINAL COPY

S16G0890.  JONES v. THE STATE.

BENHAM, Justice.

This is the second time this matter has appeared before this Court. Appellant Michael Jones was tried, convicted and sentenced for driving under the influence, and he has sought appellate review of that conviction on the ground that evidence of a prior DUI conviction was wrongfully admitted at trial.[1]  At the core of the dispute is the method by which the lower courts are to determine the admissibility of extrinsic act evidence, in this case the prior DUI, under OCGA §§ 24-4-404 (b) (Rule 404 (b)) and 24-4-403 (Rule 403) of the new Evidence Code.

Rule 404 (b) provides in pertinent part:

> Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show

---

[1] In 2013, appellant was tried, convicted and sentenced for DUI per se (OCGA § 40-6-391 (a) (5)) for an incident that occurred in 2011.  Another charge for DUI less safe (OCGA § 40-6-391 (a) (1)), for which the jury returned a verdict of guilty, merged for sentencing purposes.  At the 2013 trial, the trial court allowed the State to introduce evidence of a 2005 DUI-less safe charge to which appellant had entered a plea of guilty.  For more detailed recitations of the facts, see State v. Jones, 297 Ga. 156 (773 SE2d 170) (2015) (Jones II); Jones v. State, 335 Ga. App. 563, 565 (782 SE2d 466) (2016) (Jones III); and Jones v. State, 326 Ga. App. 658, 658-659 (757 SE2d 261) (2014) (Jones I).  We will mention pertinent facts herein only to the extent they are relevant to the legal issue at bar.

action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The prosecution in a criminal proceeding shall provide reasonable notice to the defense in advance of trial, unless pretrial notice is excused by the court upon good cause shown, of the general nature of any such evidence it intends to introduce at trial. . . .

Rule 403 provides:

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Based on this statutory framework, extrinsic act evidence may be admitted if a three-part test is met: (1) the evidence is relevant[2] to an issue in the case other than the defendant's character, (2) the probative value is not substantially outweighed by the danger of unfair prejudice as required by Rule 403, and (3) there is sufficient proof for a jury to find by a preponderance of the evidence that the defendant committed the prior act.[3]

See Olds v. State, 299 Ga. 65 (2) (786 SE2d 633) (2016).

---

[2] Relevant evidence is defined by OCGA § 24-4-401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[3] The third prong of the test was never in question in this case because appellant entered a plea of guilty to the prior DUI.

In this case, the trial court admitted appellant's prior DUI for the limited purpose of showing intent and knowledge, as permitted by Rule 404 (b), finding that all three standards for admissibility had been met. The Court of Appeals, however, determined the trial court erred because, it reasoned, the evidence in question was not relevant and, therefore, was inadmissible. Jones v. State, 326 Ga. App. 658 (757 SE2d 261) (2014) (Jones I). We granted the State's petition for certiorari and, in State v. Jones, 297 Ga. 156 (773 SE2d 170) (2015) (Jones II), we held that Jones's prior DUI conviction was relevant extrinsic act evidence as contemplated by Rule 404 (b) as to the issue of intent.[4] Upon finding that the prior DUI conviction was relevant to show intent under Rule 404 (b), we vacated the Court of Appeals' judgment in Jones I and remanded the matter back to the Court of Appeals, instructing it to address the second prong of the three-part admissibility test by determining whether the trial court properly applied the balancing test required by Rule 403. As to Rule 403, we noted:

> [A] trial court must undertake in each case a considered
> evaluation of the proffered justification for the admission of such
> evidence and make an independent determination of whether the

---

[4] We noted further that the State was not required to prove appellant knew that he was driving less safe or that he was driving with an illegal blood alcohol level. Jones II, supra, 297 Ga. at 161. As such, we did not find that the prior DUI was relevant as to knowledge. Accordingly, our analysis herein is likewise limited to the admissibility of the prior DUI as to the issue of intent.

3

probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." [Cits.]

Jones II, supra, 297 Ga. at 163. On remand, the Court of Appeals affirmed the trial court's decision to admit the prior DUI conviction, stating, "[W]e cannot say that the trial court abused its discretion in finding that the probative value of evidence of Jones's prior conviction was not substantially outweighed by its prejudicial effect." Jones v. State, 335 Ga. App. 563, 565 (782 SE2d 466) (2016) (Jones III).

Since Jones III was decided, this Court has had more opportunities to clarify what is required when conducting a Rule 403 balancing test. See Olds v. State, supra; Hood v. State, 299 Ga. 95 (786 SE2d 648) (2016); Brannon v. State, 298 Ga. 601 (783 SE2d 642) (2016). In light of these recent decisions, the parties agree, as do we, that the Court of Appeals in Jones III did not fully consider whether the trial court properly conducted the balancing test required by Rule 403. Furthermore, upon our review of the trial court's balancing of the evidence under Rule 403, we hold the trial court erred when it determined the probative value of appellant's prior DUI was not substantially outweighed by the danger of unfair prejudice. Nevertheless, for

4

the reasons set forth below, the error in admitting the prior DUI less safe evidence was harmless as to appellant's conviction and sentence for DUI per se and so the Court of Appeals' judgment is affirmed as right for any reason.

1. Rule 403 states that relevant extrinsic act evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. This balancing test is "committed principally to the discretion of the trial courts …" and exclusion of evidence under the test is "an extraordinary remedy which should be used only sparingly." (Citation and punctuation omitted.) Olds v. State, supra, 299 Ga. at 70. However, "an accurate assessment of probative value is an essential part of a proper application of Rule 403…." Id. at 75. To that end, in Olds, we carefully explained the difference between relevance and probative value, as well as the means by which probative value may be properly assessed under Rule 403:

> Relevance and probative value are related, but distinct, concepts. Relevance is a binary concept — evidence is relevant or it is not — but probative value is relative. Evidence is relevant if it has "*any tendency*" to prove or disprove a fact, whereas the probative value of evidence derives in large part from the *extent to which* the evidence tends to make the existence of a fact more or less probable. Generally speaking, the greater the tendency to make the existence of a fact more or less probable, the greater the probative value. And the extent to which evidence tends to make

the existence of a fact more or less probable depends significantly on the quality of the evidence and the strength of its logical connection to the fact for which it is offered. [Cit.] Probative value also depends on the marginal worth of the evidence — how much it adds, in other words, to the other proof available to establish the fact for which it is offered. The stronger the other proof, the less the marginal value of the evidence in question. [Cit.] And probative value depends as well upon the need for the evidence. When the fact for which the evidence is offered is undisputed or not reasonably susceptible of dispute, the less the probative value of the evidence. [Cit.]

(Emphasis in original.) Id. at 75-76. In cases such as this one in which the defendant has placed intent at issue by pleading not guilty and in which the existence of a criminal conspiracy is not at issue, the Rule 403 balancing test is not usually susceptible to a categorical approach, but the extrinsic act evidence must be considered by the trial court on a case-by-case basis. Id. at 76. Specifically, the trial court, in exercising its discretion, is required to make "a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." (Citation and punctuation omitted.) United States v. Perez, 443 F3d 772, 780 (11th Cir. 2006). See also Bradshaw v. State, 296 Ga. 650 (3) (769 SE2d 892) (2015) (citing Perez). The appellate court will review whether the trial court clearly abused its discretion in admitting the Rule 404 (b) evidence. See

6

Hood v. State, supra, 299 Ga. at 100-101 ("We will overturn a trial court's decision to admit other acts evidence only where it was a clear abuse of discretion.").

Here, it appears the Court of Appeals used this Court's analysis of the reasons why the evidence was relevant to conclude the prior DUI had significant probative value under Rule 403 (see Jones III, supra, 335 Ga. App. at 565),[5] but then did not fully consider how the trial court balanced the strength of the prior DUI's probative value in light of all the surrounding circumstances for which the prior DUI was being offered, including the effect of any unfair prejudice that could result. See Olds v. State, supra, 299 Ga. at 75-76. We now fully review the trial court's Rule 403 balancing in Division 2, infra.

2. Again, when an appellate court reviews the admission of Rule 404 (b) evidence and the proper application of the Rule 403 balancing test, the trial court's decision will not be disturbed unless there is a clear abuse of

---

[5] Specifically the Court of Appeals stated the State needed the prior DUI evidence "because, as [this] Court explained, '[a] genuine issue regarding whether Jones was voluntarily driving while under the influence of alcohol was raised by [his] defense,' and the prior conviction evidence 'had a tendency to make the existence of his general intent to drive under the influence more probable and would authorize a jury to logically infer that Jones was voluntarily driving while under the influence.'" Id. This quoted passage from our decision in Jones II explained why the evidence was *relevant* and met the first prong of the three-part test, but it was not meant to be substituted as a conclusion that the probative value of the prior DUI was not substantially outweighed by the danger of unfair prejudice.

7

discretion. See Hood v. State, supra, 299 Ga. at 100-101. An appellate court will examine whether the trial court properly considered all the circumstances surrounding the extrinsic act evidence, including the similarities between the charged act and the extrinsic act, the remoteness in time between the charged act and the extrinsic act, and the prosecution's need for the extrinsic act evidence. See United States v. Perez, supra, 443 F3d at 780; Bradshaw v. State, supra, 296 Ga. at 657-658. In this case, there is no real dispute about the similarities between the two events and the temporal span of six years (2005-2011) is not too remote for the probative value of the extrinsic act to be impacted in a significant way. Thus, the focus of our review concerns the State's need for the prior DUI evidence to show intent.

Appellant would like this Court to adopt a bright-line rule that extrinsic act evidence is inadmissible as to intent in DUI cases because DUI is a crime of general intent where intent may be inferred from the doing of an act (i.e., driving after consuming alcohol). We decline to adopt such a categorical rule. Instead, whether the charged crime is one of general intent is one of the factors, an important one, the trial court may consider when assessing the prosecutorial need for the extrinsic act evidence in question. Logically, if the State's threshold to prove intent as an element of a crime is

8

relatively low, as it likely is when the charged crime is one of general intent, then the probative value of the extrinsic act evidence would necessarily be minimal.

For DUI less safe, which is a general intent crime, intent may be inferred from showing the defendant drove after consuming alcohol to the extent he was a less safe driver. See Prine v. State, 237 Ga. App. 679 (2) (a) (515 SE2d 425) (1999); OCGA §§ 40-6-391 (a) (1); 16-2-6.[6] For DUI per se, which is also a general intent crime, intent may be inferred from showing the defendant drove with a blood alcohol concentration (BAC) of 0.08 grams or more. See OCGA §§ 40-6-391 (a) (5); 16-2-6. At trial, the fact that appellant voluntarily drove his vehicle sometime after consuming alcohol was not in dispute. It was also undisputed that appellant was driving in excess of the posted speed limit at the time he was pulled over. In addition, the evidence showed appellant's BAC was well in excess of 0.08 grams. Thus, the probative value of the prior DUI to show intent, as to DUI less safe or DUI per se, was very low.

---

[6] OCGA § 16-2-6 provides: "A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."

9

At trial, appellant's main defense was that there were reasons, other than his alcohol consumption, to explain his registering as impaired on the field sobriety tests administered by the arresting officer.[7]  For example, he claimed a head injury, which occurred three months before the charged offense, caused him to register as impaired when the officer administered the horizontal gaze nystagmus (HGN) test.  He also contended that the officer improperly administered the HGN test by having him face oncoming traffic.  Appellant further argued that he was unable to stand on one leg for very long because he was wearing heavy work boots and had bad knees.   Since appellant pled guilty to the prior DUI, he did not challenge his impairment or the tests that were administered to him, so it would be difficult to compare the two incidents in that regard.  Appellant also admitted he had consumed alcohol — two beers — and so the jury could already infer intent from his act of driving after admittedly consuming alcohol without considering the prior DUI.  Again, the probative value of the prior DUI was minimal.

Anytime a prior crime is admitted into evidence, there is a prejudicial effect.  See United States v. Sterling, 738 F3d 228 (III) (B) (11th Cir. 2013)

_____

[7] When the trial court made its initial decision to admit the prior DUI evidence, it did not know what appellant's defenses would be.  It only heard argument and did not consider any evidence.  Had the trial court conducted a pretrial evidentiary hearing or reserved its ruling until evidence on the charged offense had been completed and a proffer had been made regarding the extrinsic act evidence, it might have been able to make a more informed decision.

(extrinsic act evidence is inherently prejudicial); <u>United States v. Johnson</u>, 27 F3d 1186 (II) (B) (6th Cir. 1994);[8] <u>Jones II</u>, supra at 163 ("the potential for prejudice caused by the introduction of other acts evidence is great"). Here, because the probative value of appellant's prior DUI was minimal given all the attendant circumstances, the danger of interjecting *unfair* prejudice[9] at trial was a greater risk. Nowhere is this danger more evident than in the manner in which the prosecutor actually used the extrinsic act evidence at trial. During the incident giving rise to the charged offense, appellant initially denied he had been drinking when the officer asked, but later admitted to having two beers. When the officer asked him to recite a portion of the alphabet without singing it, appellant said he could not recite the alphabet without singing. In contrast, during the prior DUI event, appellant did not deny he had consumed alcohol, telling the officer he had consumed four beers. Also during the prior DUI incident, appellant attempted to recite the whole alphabet a few times, but ultimately was unable to do so. Using this evidence, the prosecutor argued that during the charged event, appellant

---

[8] "When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact. That, of course, is why the prosecution uses such evidence whenever it can." Id. at 1193.

[9] The United States Supreme Court has explained that "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." <u>Old Chief v. United States</u>, 519 U. S. 172, 180 (II) (B) (1) (117 SCt 644, 136 LE2d 574) (1997).

11

was trying to obfuscate his impairment by denying drinking, by stating a lesser amount of alcohol consumed (two versus four beers), and by avoiding having to recite the alphabet by stating he could not recite it without singing. Appellant's lack of truthfulness with law enforcement, however, was not the purpose for which the prior DUI was offered and admitted. Instead of going to the issue of intent, the State's use of the prior DUI had the effect of emphasizing appellant's dishonesty, creating the potential that the jury would render a decision predicated on that negative impression in addition to the stigma already associated with a prior criminal conviction.[10] Therefore, the trial court abused its discretion by admitting appellant's prior DUI in this case because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

3. Because the trial court erroneously admitted the Rule 404 (b) evidence, we must consider whether that error was harmless.

> The new Evidence Code continues Georgia's existing harmless error doctrine for erroneous evidentiary rulings. See OCGA § 24-1-103 (a) ("Error shall not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. . . .") … "In determining whether the error was

---

[10] We express no opinion as to whether the prior DUI could have been used for impeachment had appellant chosen to testify at trial, which he did not, and had it been offered by the State for that purpose.

12

harmless, we review the record de novo and weigh the evidence as we would expect reasonable jurors to have done so." Rivera v. State, 295 Ga. 380, 382 (761 SE2d 30) (2014). "The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict." [Cit.]

Smith v. State, 299 Ga. 424, 431-432 (2) (d) (788 SE2d 433) (2016).

Here, the direct evidence of appellant's guilt for the DUI per se charge was overwhelming. As to that charge, there was no dispute appellant was driving his vehicle; appellant admitted he had consumed alcohol that evening; and the breath tests showed appellant's BAC was substantially in excess of 0.08 grams.[11] Thus, it is highly probable that the prior DUI less safe did not contribute to the jury's verdict of guilty as to DUI per se. It would be a much closer call as to whether the admission of the prior DUI, to which appellant entered a plea of guilty to driving under the influence to the extent he was less safe to drive, was harmless error in regard to the jury's verdict of guilty as to the DUI less safe charge. That issue is moot, however, because appellant was only convicted and sentenced for DUI per se. Thus, the

---

[11] The state-administered breath tests produced readings showing BACs of 0.147 grams and 0.139 grams. Appellant did challenge the validity of the breath test readings by arguing that the officer failed to wait, per regulations, a full 20 minutes after appellant had possibly regurgitated alcohol into his mouth from his stomach by belching. No evidence was presented, however, that appellant had in fact belched less than 20 minutes before the breath tests were administered and the tests were conducted hours after the time appellant told the officer he had last had a drink. The argument that the test readings were invalid is unconvincing.

13

erroneous admission of the prior DUI was ultimately harmless, and there is no basis to reverse the conviction and sentence for DUI per se. The judgment of the Court of Appeals is affirmed pursuant to the right for any reason rule. See Mullins v. State, 299 Ga. 681 (2) (791 SE2d 828) (2016).

Judgment affirmed. All the Justices concur.

Decided June 26, 2017.

Certiorari to the Court of Appeals of Georgia – 335 Ga. App. 563.

Jeffrey R. Filipovits, for appellant.

Jessica K. Moss, Solicitor-General, Carlton T. Hayes, Assistant Solicitor-General, for appellee.

Davie E. Clark, Brandon A. Bullard; D. Victor Reynolds, District Attorney, Michael S. Carlson, Amelia G. Pray, John S. Melvin, John R. Edwards, Assistant District Attorneys; Jacquelyn L. Johnson, District Attorney, Andrew J. Ekonomou, Assistant District Attorney; Matthew C. Krull, Solicitor-General, David Holmes, Lindsay D. Raynor, Assistant Solicitors-General, amici curiae.