**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN AND MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**June 4, 2020**

# In the Court of Appeals of Georgia

A18A0829. ARRINGTON v. THE STATE.

MARKLE, Judge.

Following a jury trial, James Arrington was convicted of armed robbery, aggravated assault, kidnapping with bodily injury, and possession of a firearm by a convicted felon. In his initial appeal, Arrington argued that the trial court abused its discretion in admitting the other acts evidence under OCGA § 24-4-404 (b) ("Rule 404 (b)") because the prior acts were not relevant to show intent, motive, opportunity, or knowledge; any probative value of those prior convictions was substantially outweighed by their prejudicial effect; and the error in admitting them was not harmless.

We affirmed the trial court's admission of this evidence, holding that the trial court did not abuse its discretion in admitting Arrington's prior convictions for the

purpose of establishing intent. *Arrington v. State*, 347 Ga. App. 750, 754 (820 SE2d 796) (2019) (physical precedent only).The Supreme Court of Georgia vacated the decision, and remanded the case for reconsideration in light of its subsequent decision in *Jackson v. State*, 306 Ga. 69, 74-81 (2) (829 SE2d 142) (2019).

In light of *Jackson*, we vacate our previous opinion and conclude that the prior convictions were inadmissible under Rule 404 (b), and the error in admitting them was not harmless. We thus reverse the trial court's denial of Arrington's motion for new trial.

The underlying facts of this case are detailed in our prior decision. *Arrington*, 347 Ga. App. at 750-752. In summary, the evidence showed that, in the early morning hours of November 3, 2012, R. H. and A. B. were driving an unmarked van loaded with ATM machines and approximately $128,000 in cash belonging to Atlanta Cash Solutions. As R.H. was driving the van to deliver the ATMs, a man walked into the street in front of the van, holding a gun, and ordered R. H. to stop. A second man then approached, and the two men entered the van, assaulted and threatened both victims, and ordered R. H. to drive. The robbers eventually released the victims, who went to a nearby restaurant and called the police. The armed robbers escaped with the cash.

Ultimately, Arrington's cell phone was recovered in the van. Cell phone tracking records showed three calls were made from Arrington's phone about the same time as the armed robbery and less than a mile away from the crime scene. Police also found a knit cap behind the restaurant. When interviewed by police, Arrington voluntarily told police that he had borrowed R. H.'s knit cap. Arrington's uncle told police that Arrington had traveled to Atlanta to do a job with R. H.

The jury also heard evidence of Arrington's two prior convictions for armed robbery. In the first case, Arrington used a handgun to rob a convenience store clerk, and take money from the cash register. In the second case, Arrington pretended to use a handgun to take money from the cash register at a drive-thru restaurant.

Arrington did not testify at trial, and he was convicted on all counts.

In his sole enumeration of error in this appeal, Arrington argues that *Jackson* compels us to conclude that (a) the trial court abused its discretion in admitting the other acts evidence because this evidence was more prejudicial than probative under OCGA § 24-4-403 ("Rule 403"), and (b) that the admission of the evidence was not harmless because the evidence against him was entirely circumstantial.[1] We agree.

---

[1] The trial occurred in October 2014. Therefore, the new Evidence Code applied. *State v. Almanza*, 304 Ga. 553, 555 (2) (820 SE2d 1) (2018).

(a) *Admissibility of prior convictions under Rule 404 (b)*

Under OCGA § 24-4-404 (b),

[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

To be admissible, the evidence of a defendant's prior acts must satisfy a three-part test:

(1) the evidence is relevant to an issue in the case other than the defendant's character, (2) the probative value is not substantially outweighed by the danger of unfair prejudice as required by [OCGA § 24-4-403], and (3) there is sufficient proof for a jury to find by a preponderance of the evidence that the defendant committed the prior act.

(Citations and footnote omitted.) *McWilliams v. State*, 304 Ga. 502, 509 (3) (820 SE2d 33) (2018).

Here, Arrington concedes that the evidence of his prior convictions was relevant to the issue of intent under the first prong of the test, and he does not challenge that the State established that he committed the prior crimes under the third

4

prong. Rather, Arrington argues that the State failed to prove the second prong of the test-- that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403.

As to the second prong of the test, we have held that

the exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly. Indeed, this Court reviews the admission of Rule 404 (b) evidence for a clear abuse of discretion, a deferential review requiring us to make a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.

(Citations and punctuation omitted.) *Chambers v. State*, 351 Ga. App. 771, 775-776 (2) (833 SE2d 155) (2019); see also *Jones v. State*, 301 Ga. 544, 548 (2) (802 SE2d 234) (2017).

Rule 403 further provides that

[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

OCGA § 24-4-403.

And, as we have explained,

> [p]robative value of evidence derives in large part from the extent to which the evidence tends to make the existence of a fact more or less probable. Generally speaking, the greater the tendency to make the existence of a fact more or less probable, the greater the probative value. And the extent to which evidence tends to make the existence of a fact more or less probable depends significantly on the quality of the evidence and the strength of its logical connection to the fact for which it is offered. Probative value also depends on the marginal worth of the evidence-- how much it adds, in other words, to the other proof available to establish the fact for which it is offered. The stronger the other proof, the less the marginal value of the evidence in question. And probative value depends as well upon the need for the evidence. When the fact for which the evidence is offered is undisputed or not reasonably susceptible of dispute, the less the probative value of the evidence.

(Citations and footnote omitted.) *McWilliams*, 304 Ga. at 509 (3). With these factors in mind, we consider the evidence in this case, and conclude that the other acts evidence should have been excluded.

Elements to be considered in determining the probative value of the other act evidence offered to prove intent include its overall similarity to the charged crime, the prosecutorial need for it, and its temporal remoteness. *Jackson*, 306 Ga. at 77 (2) (b) (ii). Here, as in *Jackson*, the State addressed the similarity factor by generally

6

pointing out that, in both prior acts and the charged offense, Arrington used either a gun or what appeared to be a gun to take money from the victim. Id. However, and again, not unlike in *Jackson*, the State failed to acknowledge the differences between the prior acts and the charged offense-- differences which significantly diminish the probative value of the extrinsic evidence.[2] Both of Arrington's prior armed robberies were crimes involving very little, if any, planning, and were committed by Arrington, acting alone. In contrast, the evidence in the instant case showed that the charged offense involved at least two perpetrators who committed the crime after a certain degree of planning with apparent inside information. The only similarities between the prior acts and the current offense is the use of a handgun to take money, whereas the marked *dissimilarities* diminish the probative value of the extrinsic evidence. See *Jackson*, 306 Ga. at 78 (2) (b) (ii).

The probative value of this evidence was further diminished by the lack of prosecutorial need for it. Arrington concedes that intent was not at issue in this case, and thus any evidence of intent was minimal. The current case does not present a situation where Arrington either was present at the crime but claims that he did not

---

[2] The Supreme Court explained in *Jackson* that, under the new Evidence Code, we need to consider the dissimilarities between the extrinsic act and the charged act, not just the similarities. Id. 306 Ga. at 78 (2) (ii).

7

participate, or that the other perpetrators lacked intention to commit the crime. Rather, Arrington contends he simply was not one of the perpetrators. In this regard, the prosecutorial need for the other acts evidence, as in *Jackson*, was low as to the purpose of showing any of the elements for which it was offered and admitted-- motive, opportunity, intent, knowledge, modus operandi, and absence of mistake. See *Jackson*, 306 Ga. at 78-79 (2) (b) (ii).

Moreover, our consideration of the temporal remoteness of the prior convictions likewise weighs against their admission. Because the convictions occurred some 23 years prior, their admission appears to be solely for the purpose to show Arrington's propensity for committing such crimes.[3] *Jackson*, 306 Ga. at 80 (2) (b) (ii). Accordingly, we conclude that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403.

(b) *Harmless error analysis*

Because we conclude that admission of the other acts evidence was erroneous,

---

[3] We note, however, that we have upheld the admission of prior crimes occurring more than 24 years prior to the charged offense under other circumstances. Compare *Harvey v. State*, 344 Ga. App. 761, 769-770 (2) (a) (ii) (811 SE2d 479) (2018) (upheld admission of 1990 and 1996 prior crimes in case involving crime committed in 2014).

8

we must review the record de novo to determine whether the trial court's error was harmless. The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict. In doing so, we weigh the evidence as we would expect reasonable jurors to have done so, as opposed to assuming that they took the most pro-guilt possible view of every bit of evidence in the case.

(Citations and punctuation omitted.) *Brown*, 303 Ga. at 164 (2).

As Arrington argues, the evidence against him in this case was not overwhelming and was entirely circumstantial. There was no direct evidence placing Arrington at the scene of the crime. No eyewitness identified him, and no DNA was discovered at the scene. The only evidence linking Arrington to the crime was his cell phone, which was indisputably in the possession of Arrington's uncle.[4] Based on the lack of overwhelming evidence against Arrington as to the charged crime, we cannot say that it was highly probable the admission of the extrinsic evidence did not

---

[4] Arrington argues that, unlike in *Jackson*, the State improperly emphasized his prior crimes in its closing argument, which the Supreme Court has held can further lend to the harmfulness of the admission of the other acts evidence. See *Jackson*, 306 Ga. at 80 (2) (c); Cf. *Thompson v. State*, 302 Ga. 533, 542 (III) (807 SE2d 899) (2017) (an error in admitting OCGA § 24-4-404 (b) was harmful in part because the State emphasized the evidence in closing). Here, however, the State raised the prior crimes in rebuttal after Arrington's trial counsel mentioned them in his closing, and it does not otherwise appear the State emphasized them.

9

contribute to the verdict and was harmless.[5] *Brown*, 303 Ga. 158, 164-165 (2) (810 SE2d 145) (2018); see also *Sloan v. State*, 351 Ga. App. 199, 211-212 (2) (f) (830 SE2d 571) (2019).

Accordingly, we conclude that the trial court abused its discretion in admitting the other acts evidence, and we reverse the trial court's denial of Arrington's motion for new trial. Because Arrington does not challenge the sufficiency of the evidence supporting his convictions, the State may retry him. *Blackwell v. State*, 351 Ga. App. 302, 303 (1) (830 SE2d 782) (2019).

*Judgment reversed. McFadden, C . J., and Rickman, J., concur*.

---

[5] We note that, although insufficient to cure the error here, the trial court gave an appropriate limiting instruction on how to consider the other acts evidence, and it also gave a limiting instruction in its charge to the jury.