**FOURTH DIVISION
DILLARD, P. J.,
MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**May 17, 2021**

# In the Court of Appeals of Georgia

A21A0524. WEBB v. THE STATE.

DILLARD, Presiding Judge.

Following trial, a jury convicted Stephen Webb of driving under the influence of alcohol with an excessive blood-alcohol concentration (DUI per se). On appeal, Webb challenges the sufficiency of the evidence supporting his conviction and argues that the trial court erred in admitting his prior DUI conviction into evidence. For the reasons noted *infra*, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that in the early evening of August 26, 2015, a Towns County Sheriff's deputy received a dispatch directing him to respond to a single-vehicle accident on State Route 2, near Macedonia. When the deputy arrived on the scene, he observed a truck that appeared

---

[1] *See, e.g.*, *Libri v. State*, 346 Ga. App. 420, 421 (816 SE2d 417) (2018).

to have crossed the center line and collided with the guardrail on the opposite side of the road. Immediately, the deputy and an emergency medical technician (who had already arrived on the scene) assisted the driver, identified as Webb, in getting out of his damaged vehicle. Webb told the EMT that he did not need medical treatment and informed the deputy that the accident was a result of him blacking out from a coughing fit caused by chronic obstructive pulmonary disease ("COPD"). But this explanation notwithstanding, the deputy smelled an alcoholic-beverage odor and suspected that Webb was impaired. Consequently, he decided to have Webb perform several field-sobriety tests.

Prior to doing so, the deputy asked Webb if he had ingested any medications that day, and Webb responded that he had taken prescribed Alprazolam. Nevertheless, the deputy proceeded in conducting field-sobriety tests and first administered the horizontal gaze nystagmus (HGN) test, which indicated that Webb was impaired. He then had Webb perform the walk-and-turn and one-leg stand tests, both of which Webb had difficulty completing. The deputy then asked Webb to take a portable alco-sensor breath test. He agreed to do so, and his breath tested positive for the presence of alcohol. At this point, the deputy suspected that Webb was under the influence of alcohol and placed him under arrest. The deputy then read Webb our

state's implied-consent notice for drivers over the age of 21 two separate times and asked if he would submit to a State-administered blood test. Webb agreed, after which the EMT conducted a blood-draw and sealed the samples for testing. Ultimately, the results of that testing indicated a blood-alcohol content of 0.088 grams per 100 milliliters, with a margin of error of plus or minus 0.005 grams per 100 milliliters.

The State charged Webb, via accusation, with one count each of driving under the influence of alcohol with an excessive blood-alcohol concentration, driving under the combined influence of alcohol and Alprazolam to the extent it was less safe to do so, and failure to maintain lane. Subsequently, the State filed notice of its intent to present evidence of Webb's prior bad acts—specifically a DUI per se guilty plea based on an incident that occurred about two weeks before his August 26, 2015 arrest. And approximately a week before trial, the court held a hearing on the issue, during which the State argued that the evidence of Webb's prior DUI conviction was admissible under Rule 404[2] to show his intent but that weighing the evidence's

---

[2] *See* OCGA § 24-4-404 (b) ("Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .").

probative value against its prejudicial effect under Rule 403[3] could be deferred until the point during trial when the State decided whether to present it. Then, at the conclusion of the hearing, the court stated on the record that the prior conviction was admissible to show intent.

The case proceeded to trial, during which the State presented the foregoing evidence, as well as testimony from the GBI forensic toxicologist who tested Webb's blood-sample and determined that it had a blood-alcohol content of 0.088 grams per 100 milliliters, with a margin of error of plus or minus 0.005 grams per 100 milliliters. Following that witness, the State informed the trial court that it had decided to present evidence concerning Webb's prior DUI conviction and, thus, the court needed to conduct a hearing weighing the probative value of the evidence against its prejudicial effect. Both parties then argued those issues, after which the trial court ruled that the prior conviction was admissible. The State then called a White County Sheriff's deputy as a witness, who testified regarding his traffic stop of Webb's vehicle, the evidence of Webb's impairment, and the ultimate arrest of

---

[3] *See* OCGA § 24-4-403 ("Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Webb for driving under the influence of alcohol. And during the deputy's testimony, the State introduced Webb's prior guilty plea and conviction on the charge of DUI per se.

After the State rested, Webb moved for a directed verdict, and the trial court granted his motion as to the DUI less safe count but denied it as to the DUI per se and failure-to-maintain-lane counts. At the conclusion of the trial, the jury convicted Webb on the DUI per se count but acquitted him on the failure to maintain lane count. Thereafter, Webb filed a motion for new trial, which the trial court denied subsequent to a hearing on the matter. This appeal follows.

1. In his first enumeration of error, Webb contends that the evidence supporting his DUI per se conviction was insufficient and, additionally, that the jury's guilty verdict was strongly against the weight of the evidence. We disagree.

When a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[4] And in evaluating the sufficiency of the evidence, we "do not weigh the evidence or determine witness credibility, but only determine whether a rational

_____

[4] *See English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010) (noting that following conviction, an appellant no longer enjoys a presumption of innocence).

5

trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."[5] The jury's verdict will be upheld, then, so long as there is "some competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[6] Bearing these guiding principles in mind, we turn to Webb's challenge to the sufficiency of the evidence.

Under OCGA § 40-6-391 (a) (5), "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended[.]" And here, the evidence shows that Webb was involved in a one-vehicle accident, in which he veered across the road and collided with a guardrail. In addition, the arresting deputy testified that he helped pull Webb—the only occupant—from his wrecked truck, that he smelled an alcoholic-beverage odor

---

[5] *Jones v. State*, 318 Ga. App. 26, 29 (1) (733 SE2d 72) (2012) (punctuation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (noting the relevant question is, after viewing the evidence in the light most favorable to the prosecution, could any rational jury found the essential elements of the crime beyond a reasonable doubt).

[6] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (punctuation omitted); *accord Westbrooks v. State*, 309 Ga. App. 398, 399-400 (1) (710 SE2d 594) (2011).

emanating from Webb, that most of the field-sobriety tests indicated Webb was impaired, and that the EMT drew Webb's blood for testing at the scene. Furthermore, the GBI forensic toxicologist testified that Webb's blood had a blood-alcohol content of 0.088 grams per 100 milliliters, with a margin of error of plus or minus 0.005 grams per 100 milliliters—placing that content over the legal limit of 0.08.

Webb nonetheless argues that his blood sample could have fermented prior to testing, which would render the forensic toxicologist's test inaccurate. But in response to Webb's cross examination, the toxicologist specifically testified that fermentation of a person's blood was rare and only occurs if an organic substance contaminates the blood sample. Suffice it to say, the jury was entitled to credit the expert's testimony over Webb's speculation that such an anomaly occurred with his blood sample.[7] Given these circumstances, the evidence was sufficient to support Webb's conviction on the charge of DUI per se.[8]

---

[7] *See Heidt v. State*, 292 Ga. 343, 345 (1) (736 SE2d 384) (2013) (noting that it is the jury's role to resolve conflicting expert testimony); *Michael v. State*, 335 Ga. App. 579, 584 (1) (782 SE2d 479) (2016) ("It is the function of the jury, rather than this Court, to weigh the evidence, resolve conflicts in the lay and expert testimony, and draw reasonable inferences from the evidence.").

[8] *See Turner v. State*, 352 Ga. App. 122, 124 (2) (833 SE2d 299) (2019) (holding that defendant's blood sample, which showed a blood alcohol level of 0.143, was sufficient to support defendant's conviction of DUI per se); *Canelas v. State*, 345

Additionally, although not separately enumerated from his contention that the evidence was insufficient to support his conviction, Webb also argues that we should exercise our discretion and find that the jury's verdict was against the weight of the evidence. In essence, Webb is requesting that *this Court* grant him a new trial on general grounds. But this, we cannot do.

It is true that, under Georgia law, "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury."[9] And the presiding judge "may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."[10] Even so,

> a motion for new trial based on OCGA § 5-5-20, i.e., that the verdict is contrary to the evidence, addresses itself only to the discretion of the trial judge. Whether to grant a new trial based on OCGA § 5-5-21, i.e.,

Ga. App. 497, 501 (1) (c) (813 SE2d 170) (2018) (finding that defendant's blood test, which was taken an hour and fifteen minutes after his accident and indicated that defendant had a blood alcohol concentration of 0.153 grams per ml was sufficient to support his conviction of DUI per se).

[9] OCGA § 5-5-20.

[10] OCGA § 5-5-21.

that the verdict is strongly against the evidence, is one that is solely in the discretion of the trial court, and the appellate courts do not have the same discretion to order new trials.[11]

Consequently, even when an appellant seeks appellate review of "a trial court's refusal to grant a new trial on the general grounds, this Court must review the case under the standard set forth in *Jackson v. Virginia*, *supra*, that is, if the evidence viewed in the light most favorable to the prosecution, supports the verdict or verdicts."[12] And as explained *supra*, the evidence the State presented at trial sufficiently supported the jury's verdict.[13]

2. Webb further contends that the trial court erred in admitting his prior DUI conviction into evidence. Again, we disagree.

OCGA § 24-4-404 (b) provides:

---

[11] *Allen v. State*, 296 Ga. 738, 741 (2) (770 SE2d 625) (2015) (citations and punctuation omitted).

[12] *Id.* (punctuation omitted); *accord Williams v. State*, 296 Ga. 573, 574 (769 SE2d 318) (2015).

[13] *See Allen*, 296 Ga. at 741-42 (2) (holding that because the evidence was sufficient under *Jackson* to support defendant's conviction, appellate court did not have the same discretion as trial court to order a new trial under OCGA §§ 5-5-20 and 5-5-21); *Allen v. State*, 345 Ga. App. 599, 603 (2) (814 SE2d 740) (2018) (same).

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .[14]

And the Supreme Court of Georgia has adopted a three-part test by which we evaluate the admissibility of so-called "other acts" evidence: "(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; [and] (3) the government must offer sufficient proof so that the jury could find that defendant committed the act."[15]

As to the first factor, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[16] And as to the second factor, even if Rule 404 (b) evidence is relevant, we must still decide whether "the probative value of the other acts evidence is substantially outweighed

---

[14] *See also Smart v. State*, 299 Ga. 414, 417 (2) (788 SE2d 442) (2016) (quoting OCGA § 24-4-404 (b)).

[15] *Id.* (punctuation omitted) (quoting *United States v. Ellisor*, 522 F3d 1255, 1267 (II) (A) (11th Cir. 2008)).

[16] OCGA § 24-4-401; *accord Smart*, 299 Ga. at 418 (2) (a).

by its unfair prejudice, i.e., the evidence must satisfy the requirements of Rule 403."[17]

Importantly, application of the Rule 403 balancing test is "a matter committed principally to the discretion of the trial courts." But as we have previously emphasized, "the exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly."[18] Indeed, this Court reviews the admission of Rule 404 (b) evidence "for a clear abuse of discretion," a deferential review requiring us to make "a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness."[19]

---

[17] *Smart*, 299 Ga. at 418 (2) (b) (punctuation omitted); *accord State v. Jones*, 297 Ga. 156, 159 (2) (773 SE2d 170) (2015); *see also* OCGA § 24-4-403 ("Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); Ronald L. Carlson & Michael Scott Carlson, CARLSON ON EVIDENCE 96 (5th ed. 2016) ("Under Rule 403, the term 'unfair prejudice' speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. The prejudice referenced in Rule 403 addresses prejudice to the integrity of the trial process, not prejudice to a particular party or witness." (footnote omitted)).

[18] *Smart*, 299 Ga. at 418 (2) (b) (punctuation omitted); *accord Morris v. State*, 340 Ga. App. 295, 306 (4) (797 SE2d 207) (2017).

[19] *Brannon v. State*, 298 Ga. 601, 606 (4) (783 SE2d 642) (2016) (punctuation omitted); *accord Morris*, 340 Ga. App. at 306-07 (4); *Graham v. State*, 337 Ga. App.

11

In this matter, the trial court admitted Webb's prior DUI per se conviction based on the State's argument that it constituted evidence of intent. And as he did below, on appeal, Webb argues that the evidence was inadmissible under Rule 404 (b) and Rule 403. But our Supreme Court has held that "[b]ecause the same state of mind [is] required for committing the prior act and the charged crime[ ], i.e., the general intent to drive while under the influence of alcohol, evidence of [a defendant's] prior conviction [is] relevant under Rule 404 (b) to show [the defendant's] intent on [the subject] occasion."[20]

Acknowledging this precedential hurdle, Webb focuses his contention on the prior DUI conviction being inadmissible under Rule 403. Specifically, he argues that the trial court failed to conduct the required balancing test and, in any event, the probative value of the prior conviction was substantially outweighed by its unfair prejudice. But the first part of this contention is belied by the record. Indeed, at the

664, 669 (2) (788 SE2d 555) (2016); *see* CARLSON, *supra* note 17, p. 130 ("Evaluating the balance between probativity and prejudice under Rule 403 calls for a commonsense assessment of all the circumstances surrounding the other act, including [the] proponent's need for the [Rule 404 (b)] evidence, the overall similarity between the extrinsic evidence and the offense at issue, and the temporal proximity of the two.").

[20] *State v. Jones*, 297 Ga. 156, 160-61 (2) (773 SE2d 170) (2015); *accord Monroe v. State*, 340 Ga. App. 373, 375 (2) (797 SE2d 245) (2017).

pretrial hearing on the admissibility of Webb's earlier DUI conviction, the State noted that a balancing test under Rule 403 was required but could be conducted at trial just prior to the State's presentation of the evidence. Then, at trial, before the State called the White County Sheriff's deputy to testify about the earlier DUI, the court explicitly stated on the record that it would hear argument from the parties, under Rule 403, as to whether the probative value of the evidence was substantially outweighed by its unfair prejudice. Then, following that argument, the trial court admitted Webb's prior conviction.

Nevertheless, Webb apparently takes issue with the trial court's admission of the foregoing evidence because it failed to explicitly state that it weighed the probative value of the conviction against its unfair prejudicial impact or provide details in support of its ruling. But although in its ruling "the trial court did not explicitly mention Rule 403, absent some express showing that the trial court did not understand its obligation to conduct the balancing test, we will not read such error into the trial court's ruling."[21] Moreover, this Court has "held that the trial court

---

[21] *Dixon v. State*, 350 Ga. App. 211, 214 (1) (828 SE2d 427) (2019); *accord Wilkerson v. State*, 356 Ga. App. 831, 833 (1) (849 SE2d 677) (2020); *see Entwisle v. State*, 340 Ga. App. 122, 131 (2) (796 SE2d 743) (2017) ("Our review of the record shows that although the trial court did not make specific findings regarding whether the probative value of the prior crimes was outweighed by its prejudicial impact, it

13

satisfies its obligation if the findings appear in the order denying the motion for new trial."[22] And here, in addition to explaining its ruling under the Rule 403 balancing test at the conclusion of the motion for new trial hearing, the trial court specifically stated in its order denying Webb's motion for new trial that it found the probative value of the prior conviction was not outweighed by the danger of unfair prejudice. As a result, Webb has not shown that the trial court failed to perform its duty in this regard.[23]

Webb further argues that the trial court erred by failing to rule that the evidence of his prior DUI per se conviction was inadmissible under Rule 403, asserting that its prejudicial impact far outweighed any probative value. But setting aside whether the trial court erred by admitting the evidence, we find that any alleged error in this

---

explicitly referenced the balancing test and noted that 'the evidence must satisfy Rule 403.'").

[22] *Dixon*, 350 Ga. App. at 214 (1).

[23] *See Wilkerson*, 356 Ga. App. at 833 (1) (finding that defendant did not show that trial court failed to conduct Rule 403 balancing test given that court held hearing on prior acts evidence before ruling that the evidence was admissible); *Dixon*, 350 Ga. App. at 214-15 (1) (holding that given the trial court's review of the issues under Rule 403, along with its explanations and analysis in its order denying the motion for new trial, defendant did to demonstrate that the court failed to balance whether the probative value of his prior acts was outweighed by their prejudicial impact).

regard was harmless. Indeed, in making this determination, "we review the record de novo and weigh the evidence as we would expect reasonable jurors to have done so."[24] And importantly, the test for determining nonconstitutional harmless error is "whether it is highly probable that the error did not contribute to the verdict."[25]

Here, the evidence supporting Webb's DUI per se conviction was substantial. There was no dispute that Webb was driving his vehicle when it crossed over the center line and collided with a guardrail. And although Webb claims that the accident was a result of his medical condition, his performance on the field-sobriety tests suggested he was impaired, he emanated an alcoholic-beverage odor, and his breath, in fact, tested positive for alcohol. Furthermore, Webb's blood—drawn by an EMT at the scene of the accident—had a blood-alcohol content of 0.088 grams per 100 milliliters, with a margin of error of plus or minus 0.005 grams per 100 milliliters—placing that content over the legal limit of 0.08, even if one subtracted the margin of error. Accordingly, it is highly probable that Webb's prior DUI per se

---

[24] *Jones v. State*, 301 Ga. 544, 551 (3) (802 SE2d 234) (2017) (punctuation omitted).

[25] *Id.* (punctuation omitted).

guilty plea did not contribute to the jury's verdict of guilty as to DUI per se in this matter.[26]

That said, even though the trial court did not commit reversible error in this case, we would be remiss in neglecting to advise State prosecutors to exercise circumspection in seeking to admit prior acts evidence in cases like this one. To be sure, the Supreme Court of Georgia has thus far declined to adopt a categorical rule that extrinsic act evidence is inadmissible as to intent in DUI cases because DUI is a crime of general intent;[27] but within the very same opinion our Supreme Court nonetheless noted that "if the State's threshold to prove intent as an element of a crime is relatively low, as it likely is when the charged crime is one of general intent,

---

[26] *See id.* at 551 (3) (holding that trial court's error in admitting defendant's prior DUI conviction in prosecution for DUI per se—given that its prejudicial impact substantially outweighed its probative value—was harmless in light of overwhelming evidence of defendant's guilt to the DUI-per se charge was overwhelming); *Smith v. State*, 356 Ga. App. 211, 213-14 (1) (844 SE2d 869) (2020) (holding that trial court's error under Rule 403, if any, in admitting evidence of defendant's prior arrest for DUI was harmless, in prosecution for vehicular homicide predicated on DUI per se given that defendant admitted that he was driver of vehicle that collided with motorcycle and that he had been drinking alcohol before driving, and defendant's blood test revealed BAC well in excess of .08 legal limit).

[27] *See Jones*, 301 Ga. at 548 (2) (refusing to adopt a bright-line rule that extrinsic act evidence is inadmissible as to intent in DUI cases because DUI is a crime of general intent where intent may be inferred from the doing of an act, i.e., driving after consuming alcohol).

16

then the probative value of the extrinsic act evidence would necessarily be minimal."[28] So, given this potential pitfall, State prosecutors would be wise to exercise caution before presenting evidence of prior DUI convictions to show intent and first ask themselves whether "what [they] *want* and what [they] *need* has been confused,"[29] lest otherwise unobjectionable convictions become candidates for reversal.

For all these reasons, we affirm Webb's conviction and the denial of his motion for new trial.

*Judgment affirmed. Mercier and Colvin, JJ., concur.*

---

[28] *Id.*

[29] *See* R.E.M., *Finest Worksong, on* Document (I.R.S. Records 1987) (emphasis in original).